(No. 37317.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN HARAN, Plaintiff in Error.

*Opinion filed February 1, 1963.—Rehearing denied March 27, 1963.*

SYDNEY B. and MORRIS J. WEXLER, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, John Haran, together with John Moore

and John Connolly, was indicted by the grand jury of the criminal court of Cook County for rape and in another indictment these parties were charged with the crime against nature against the same person on the same date. Moore and Connolly were convicted on the rape charge and on the defendant's trial before a jury he was acquitted of this crime. About 14 months later the defendant was tried and convicted under the indictment charging him with the crime against nature and a writ of error has been issued to review this conviction.

In the view we take of this case, we do not find it necessary to discuss all of the evidence, but a brief summary of the testimony of the complaining witness is necessary for a proper understanding of the principal issue. She testified that she was 15 years of age at the time of the acts in question. As she was walking down the street a car pulled up beside her and one of the men in the car, whom she identified as Connolly, grabbed her and pulled her into the back seat of the car. The defendant was driving and Moore was seated next to him in the front. After driving around town for some time the defendant stopped the car and got into the back seat with the witness and Connolly drove the car. A little while later the defendant told the witness to get in the front seat with Connolly and Moore. As they were driving around, the defendant made a remark indicating that he intended to have intercourse with the witness, who then tried unsuccessfully to jump out of the window. The defendant pulled her into the back seat, forcibly removed her clothing and forced her to submit to an act of intercourse. The witness testified that after this act by the defendant, Moore got into the back seat and committed one of the acts involved in the present indictment. Connolly then got into the back seat and forced the witness to submit to an act against nature and an act of intercourse. The defendant was driving the car while Moore and Connolly were

performing these acts. The witness testified that shortly thereafter she escaped and jumped out of the window of the car.

The principal contention advanced on this writ of error is that the trial court erred in permitting the State to prove that the defendant had intercourse with the complaining witness. If it were not for the fact that the defendant had been acquitted on the rape charge there would be little question as to the admissibility of evidence of the act of intercourse upon the trial for the crime against nature. Since both acts occurred at about the same time and place, the act of intercourse could properly be said to constitute a part of the *res gestae* and evidence thereof would be admissible as an exception to the general rule prohibiting the introduction of evidence of other crimes. However, in view of the defendant's prior acquittal on the rape charge there is a serious question as to whether the court should have permitted the State to introduce any evidence of that offense upon the trial of the crime-against-nature indictment. The problem here is not one of double jeopardy. It is clear that the State was entitled to bring the defendant to trial on the second indictment since the acts in question constituted different crimes. (*People* v. *Allen,* 368 Ill. 368.) The question here is whether the doctrine of estoppel by verdict precluded the State from introducing any evidence of the act of intercourse at the second trial. This doctrine has been well defined in *Hoffman* v. *Hoffman,* 330 Ill. 413, 417, as follows: "Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by

verdict. (*Public Utilities Com.* v. *Smith,* 298 Ill. 151.) The rule in respect to the conclusiveness of the verdict and former trial between the same parties, when the judgment is used in pleading as a technical estoppel or is relied on by way of evidence as conclusive *per se,* is, that it must appear by the record of the prior suit that the particular controversy sought to be construed was necessarily tried and determined,—that is, if the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter it will be considered as having settled that matter as to all further actions between the parties; and further, in cases where the record does not show that the matter was necessarily and directly found by the jury, evidence *aliunde* consistent with the record may be received to prove the fact. But even where it appears from the intrinsic evidence that the matter was properly within the issue controverted in the present suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination it will not be concluded."

While this doctrine is more frequently invoked in civil cases, there is no doubt but that it applies equally in criminal cases. (*Sealfon* v. *United States,* 332 U.S. 575, 92 L. ed. 180; *Frank* v. *Mangum,* 237 U.S. 309, 59 L. ed. 969.) The State does not contend that the doctrine may never be applied in criminal cases but counsel has referred us to several of our decisions in which the doctrine has been held inapplicable. In *Nagel* v. *People,* 229 Ill. 598, the defendant was tried and acquitted on a robbery indictment. He was later tried upon an indictment charging him with the burglary arising out of the same facts, and was found guilty. The defendant contended on his writ of error that the trial court erred in permitting any evidence to be heard in the burglary trial as to any facts which were settled by the verdict in the former case. We stated without discussion and without the citation of authority that the State was not estopped from proving any of the facts connected with the

crime of burglary even though much or all of this evidence had been introduced at the former trial.

In *People* v. *Stephens,* 297 Ill. 91, the defendant was tried and acquitted under an indictment charging him with the murder of a police officer. Thereafter, he was tried and convicted for assault with intent to kill another officer. The evidence showed that the killing and the assault took place at about the same time and place, and at the trial on the assault charge the State introduced evidence tending to prove that the defendant had killed the first officer. At the second trial the defendant offered in evidence the record of his acquittal in the murder case but this evidence was not admitted. On the writ of error the defendant argued that the acquittal on the murder charge operated as a bar to prosecution on the assault charge and we held that this contention could not be sustained. It was also argued that the record of the former acquittal should have been admitted in order to show that if the defendant was not guilty of killing the officer he could not be guilty of assault with intent to kill the other officer, and we held that this argument was without force.

In *People* v. *Kidd,* 357 Ill. 133, the defendant was tried and acquitted on a robbery charge and was thereafter tried and convicted on a charge of assault with intent to commit murder, arising out of the same facts. At the assault trial the defendant filed a plea of double jeopardy which was overruled. We held that acquittal of the robbery charge was not a bar to the prosecution of the assault charge. The defendant also argued that the court should not have admitted certain testimony relating to the robbery since he had been acquitted of that crime. We pointed out that all of the testimony relative to the robbery had been stricken with the exception of one remark which was not objected to. We then went on to state that the People were not estopped by the former acquittal to prove any of the facts connected with the assault charge, even though similar evidence was intro-

duced at the former trial and also held that the trial court did not err in refusing to admit proof that the defendant had been acquitted on the robbery charge.

In addition to these cases cited by the State, we find that this doctrine was discussed in *People* v. *Andrae,* 305 Ill. 530. In that case the defendant was acquitted of the murder of a factory watchman during the course of a burglary. He was afterwards indicted and convicted of the burglary and on a writ of error it was argued that evidence of the killing was inadmissible at the trial on the burglary charge. We held that since the two crimes were so closely connected, the People should not be confined to proof merely of the burglary without allowing proof of the killing, even though the defendant had been found not guilty of murder upon practically the same set of facts. We held that an acquittal of the charge of murder did not bar a prosecution for burglary and we went on to state that there was no special finding of an ultimate fact on the trial for murder which would amount to an estoppel by verdict in the burglary case.

*People* v. *Prohaska,* 8 Ill.2d 579 involved a somewhat different situation but the problem involved there was similar to that involved here. In that case the defendant was tried jointly with two co-defendants and found guilty of murder. The defendant was tried on the theory that he was an accessory before the fact, it being contended that he had advised or encouraged the actual killing, which was done by one of the co-defendants. On the writ of error, the defendant contended that since he was tried as an accessory he had a right to prove that the actual killing of the deceased by his co-defendant was done in self-defense and that therefore, if the co-defendant was not guilty of murder, he could not be guilty as an accessory. We pointed out that we had previously affirmed the conviction of the co-defendant and had decided that the jury properly rejected the claim of self-defense. We held that the issue of self-defense was controlled by our decision on the co-defendant's writ of error.

So far as the briefs of counsel and our own research have disclosed, the above cases appear to be the only ones in which we have had occasion to consider the application of the doctrine of estoppel by verdict in a criminal case. While in all of these cases, with the exception of *Prohaska,* we held that there was no estoppel, we do not consider these authorities conclusive in the present case. In *Kidd* our statement with respect to this doctrine was *dicta;* in *Nagel* no analysis was made as to what facts had been established at the former trial; in *Stephens* the primary problem was double jeopardy and the only reference to the problem with which we are now concerned was the statement that evidence of the former acquittal was not admissible; and in *Andrae* we pointed out that the prior verdict of not guilty did not amount to a finding of an ultimate fact.

As we said in the *Hoffman* case the doctrine of estoppel by verdict comes into effect only where it can be ascertained with certainty that the verdict in the first case necessarily determined a particular fact. The difficulty in applying the doctrine is in determining what facts were actually determined by the former verdict. We must, therefore, determine here whether the verdict of not guilty on the rape trial necessarily determined that the defendant did not have intercourse with the victim. The indictment under which the defendant was tried contained 4 counts, one of them being for what is commonly referred to as "statutory rape," that is, intercourse with a female under the age of 16 years, with her consent. The jury returned a verdict of not guilty as to all counts of the indictment. Under this count of the indictment the only fact necessary to support a conviction was that the defendant had intercourse with the victim, since the element of force was immaterial. Therefore, when the jury returned a verdict finding the defendant not guilty it can be stated with assurance that this amounted to a determination by the jury that the defendant did not have intercourse with the prosecutrix. We are therefore of the opinion that the

State was estopped by this verdict from introducing evidence at the present trial that the defendant had intercourse with her. Since this evidence was obviously prejudicial to the defendant the judgment of conviction must be reversed and the cause remanded for a new trial.

Since this cause must be remanded for a new trial, we feel it is appropriate to consider other assignments of error. The record shows that after the State had closed its case the prosecution asked leave to reopen the case for the purpose of calling additional witnesses. Although these witnesses had been present throughout the trial, counsel said he had forgotten about them. Counsel for the defendant objected, stating that he believed that the purpose of the State was to call Connolly and Moore who would refuse to testify and that this procedure would prejudice the defendant. The court overruled the defendant's objection and the State then called Connolly as a witness. He gave his name and address but refused to answer any further questions on the ground that the answer might incriminate him. Among the questions which he refused to answer were whether he knew the defendant and whether he was with the defendant on the date of the crime. Moore also refused to answer similar questions. We have hertofore condemned the practice of calling a co-defendant as a witness where the witness refused to testify and have pointed out that while an examination of such a witness adds little material evidence it operates to prejudice the defendant in the eyes of the jury. (*People* v. *Bennett*, 413 Ill. 601, 605.) The prejudice in the present case was compounded by the prosecutor's argument to the jury in which he referred to the fact that Moore and Connolly "took the 5th Amendment." Counsel objected to this argument on the ground that these witnesses had a right to refuse to testify. The prosecutor then stated that he agreed with defense counsel and stated that, "Every American has a right to refuse to testify if he may say anything intended to incriminate him. But you may ask yourselves in this case,

why—" At this point counsel for the defendant objected and the court sustained the objection and instructed the jury to disregard the prosecutor's last statement. After this ruling by the court, the prosecutor continued his argument by saying, "At any rate, again I say, please use your common sense." These comments by the prosecutor on the fact that the witnesses had refused to testify, and his invitation to the jury to draw an inference adverse to this defendant from that refusal, could only operate to prejudice the defendant.

The defendant also contends that the evidence was insufficient to establish his guilt beyond a reasonable doubt. This argument is predicated largely upon the fact that the defendant denied participation in the crime and the fact that his alibi was supported by other witnesses. The defendant argues that the identification by the complaining witness was unsatisfactory and claims that her testimony is unreliable. All of these matters relate to the credibility of the witnesses' testimony, which was a matter for the jury to determine. The prosecution's evidence, if believed by the jury, was sufficient to establish that the defendant was an accessory to the crime against nature committed by Moore and Connolly and was therefore guilty of the same crime.

For the reasons set forth in this opinion the judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*