THE VILLAGE OF ROUND LAKE BEACH, Plaintiff-Appellant, *v.* GILBERT W. SAMS, Defendant-Appellee.

Second District No. 80-574

Opinion filed May 29, 1981.

John M. Mullen, of Conzelman, Schultz, Snarke & Mullen, of Waukegan, for appellant.

Jeffrey Dean Lewis , Ltd., of Chicago, for appellee.

Mr. JUSTICE REINHARD delivered the opinion of the court:

On January 9, 1980, defendant was stopped and issued the following citations by the Round Lake Beach Police for traffic violations allegedly committed by defendant at Route 83 and Rollins Road in the village of Round Lake Beach at approximately 7:18 p.m.: unsafe equipment (80-TR-3582), driving while under the influence of intoxicating liquor (80-TR-3583), and improper lane usage (80-TR-3584). Shortly thereafter, a Lake County sheriff's deputy arrived at the scene and issued the following traffic citations to defendant for State Vehicle Code violations arising out of an accident which occurred at about 7:08 p.m. on Route 83, 300 feet south of Shorewood Drive, which is approximately one mile from the intersection of Route 83 and Rollins Road: leaving the scene of a personal injury accident (80-TR-3292) (Ill. Rev. Stat. 1979, ch. 95½, par. 11—401(a)), improper lane usage (80-TR-3293) (Ill. Rev. Stat. 1979, ch. 95½, par. 11—701), and operating a motor vehicle while under the influence of intoxicating liquor (80-TR-3295) (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)). Both the State and village citations specified the time and location of the violations listed above.

On April 24, 1980, pursuant to a plea agreement with the State, defendant pleaded guilty to the State charge of improper lane usage

(80-TR-3293) and was fined $150 plus court costs. The remaining State charges of leaving the scene of a personal injury accident (80-TR-3292) and operating a motor vehicle while under the influence of intoxicating liquor (80-TR-3295) were *nolle prossed* on motion of the State. The village charges were set for trial that same day, but defendant was granted a continuance for purposes of filing written pretrial motions. On May 19, 1980, defendant filed a motion to dismiss the charges, alleging, among other things, that the village was barred on grounds of double jeopardy, collateral estoppel, multiplicity [*sic*] and *res judicata*, from prosecuting its charges. On June 16, 1980, following argument, but without any evidentiary pretrial hearing, the trial court dismissed the village charges of driving while under the influence of intoxicating liquor (80-TR-3583) and improper lane usage (80-TR-3584), on all the grounds enumerated above. Following denial of the village's motion to reconsider, the village filed a timely notice of appeal.

The village contends, on appeal, that the trial court erred in granting defendant's motion to dismiss and argues that neither double jeopardy, *res judicata*, collateral estoppel or multiplicity of actions is applicable as a bar to the village's prosecution of defendant for improper lane usage and driving under the influence.

Article I, section 10 of the Illinois Constitution provides in part that "[n]o person shall be * * * twice put in jeopardy for the same offense." (Ill. Const. 1970, art. I, §10.) Also, the doctrine of double jeopardy has been incorporated into our Criminal Code. (See Ill. Rev. Stat. 1979, ch. 38, par. 3—4.) The Federal constitutional double jeopardy provisions (U.S. Const., amend. V) also are applicable to this State, and others, through the due process clause of the fourteenth amendment. (*Benton v. Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.) Three separate guarantees are incorporated in this constitutional provision: first, it protects against a second prosecution for the same offense after acquittal; second, it protects against a second prosecution for the same offense after conviction; and, finally, it protects against multiple punishments for the same offense. *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.

■■ Under the facts of this case, it is clear that the doctrine of double jeopardy is inapplicable to the village charge of driving under the influence. We cannot accept defendant's argument that, by pleading guilty to the State charge of improper lane usage in exchange for a dismissal of the remaining two State charges (leaving the scene of a personal injury accident and driving under the influence), there was somehow an "acquittal" on the *nolle prossed* charges. While the State would be barred from proceeding on the charges which were dismissed, this bar would exist by virtue of the terms of the plea agreement and not because of the double

jeopardy provisions previously alluded to. Jeopardy only attached to the crime pleaded to, improper lane usage, and not to the two *nolle prossed* charges. (*People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886.) Even if the offense pleaded to here could somehow be construed as a lesser included offense of the two *nolle prossed* charges, for purposes of double jeopardy the plea of guilty to the lesser included offense would not act as an acquittal of the dismissed charges. (*People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886.) Therefore, as to the charge of driving under the influence, we conclude that not only was there no conviction or acquittal, but jeopardy had not even attached to the offense, thereby rendering the constitutional and statutory double jeopardy provisions inapplicable. See *People v. Gault* (1974), 21 Ill. App. 3d 777, 315 N.E.2d 926; *People v. Jackson* (1971), 132 Ill. App. 2d 1059, 271 N.E.2d 673.

A different analysis is required to determine if double jeopardy bars the village from proceeding on the charge of improper lane usage. As to the State charge, it is clear that jeopardy attached at the time the guilty plea was accepted by the court. (*People v. McCutcheon* (1977), 68 Ill. 2d 101, 368 N.E.2d 886.) Therefore, the State obviously could not prosecute defendant on a second charge of improper lane usage, for acts which occurred at 7:08 p.m. on Route 83, 300 feet south of Shorewood Drive. The village would likewise be barred from prosecuting its charge of improper lane usage if it was for the same offense. *Waller v. Florida* (1970), 397 U.S. 387, 25 L. Ed. 2d 435, 90 S. Ct. 1184.

Citing *People v. Dillingham* (1969), 111 Ill. App. 2d 161, 249 N.E.2d 294, defendant argues that the improper lane usage charges involve one continuing offense and that, therefore, reprosecution of defendant is prohibited. In *Dillingham*, which involved prosecutions for driving while license suspended, this court set forth the following definition of 'a continuing offense:

> " 'A continuing offense is a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy.' " (111 Ill. App. 2d 161, 165, 249 N.E.2d 294, 296.)

As in *Dillingham*, we are presented with an offense, improper lane usage, in which the statute does not define the "unit" of the offense; that is, what constitutes a separate and distinct offense under the statute. (See *People v. Dillingham* (1969), 111 Ill. App. 2d 161, 164-65, 249 N.E.2d 294, 296.) Unlike *Dillingham*, however, there was no evidentiary hearing in the trial court to which we can refer in making a decision on the nature of the offense charged. Absent a more complete record, we are unable to determine whether the offense involved herein is a continuing one and, therefore, the same, for double jeopardy purposes, as the State charge.

Accordingly, this cause will be reversed and remanded to the trial court. Should defendant wish to renew his motion to dismiss the improper lane usage charge (80-TR-3584) on double jeopardy grounds pursuant to section 114—1(a)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—1(a)(2)), then the trial court should conduct a pre-trial evidentiary hearing limited to this question as allowed in section 114—1(d) of the Code. Obviously, if the trial court finds from the evidence that the charge is a continuing offense, prosecution is barred.

Next, we must consider whether the village was barred under the theories of res judicata, collateral estoppel or multiplicity of actions, from prosecuting defendant for improper lane usage and driving under the influence. Our Supreme Court has summarized the essence of the doctrine of res judicata as follows:

> "[A] final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (People v. Kidd (1947), 398 Ill. 405, 408, 75 N.E.2d 851.)

In determining whether the doctrine is applicable, the court said:

> "[T]he only questions to be determined are whether the cause of action is the same in both proceedings, whether the two actions are between the same parties or their privies, whether the former adjudication was a final judgment or decree upon the merits, and whether it was within the jurisdiction of the court rendering it." People v. Kidd (1947), 398 Ill. 405, 408-09, 75 N.E.2d 851.

As to the village charge of driving under the influence, it is clear that the doctrine of res judicata is inapplicable. There has been no final judgment or decree upon the merits on the State charge of driving under the influence which is necessary to invoke the doctrine of res judicata (Russell v. Klein (1977), 46 Ill. App. 3d 660, 361 N.E.2d 65), and the two actions for driving under the influence obviously do not involve the same parties. Thus, even if the two proceedings could be construed as involving the same cause of action, res judicata would not operate to bar the village from proceeding.

Nor is the doctrine of res judicata applicable to the improper lane usage charge. The two actions were prosecuted by different parties and this, standing alone, is enough to defeat defendant's argument. Additionally, while we do not decide the question, upon remand the trial court may determine that the two charges for improper lane usage involve different causes of action. Therefore, we reject defendant's argument that res judicata bars the village from proceeding on its charges.

The related concept of collateral estoppel, sometimes referred to as estoppel by verdict, is, likewise, inapplicable to the facts of this case. In

*People v. Haran* (1963), 27 Ill. 2d 229, 188 N.E.2d 707, our supreme court quoted the previous decision in *Hoffman v. Hoffman* (1928), 330 Ill. 413, 161 N.E. 723, and set out the following definition of collateral estoppel:

> " 'Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not.' " 27 Ill. 2d 229, 231, 188 N.E.2d 707.

■■ It is clear, in applying the above definition to the facts of this case, that the doctrine of collateral estoppel is inapplicable and does not bar the village from proceeding on its charges of driving while intoxicated and improper lane usage. As to the former, there has been no prior adjudication on the issue of defendant's intoxication since the State charge was *nolle prossed* prior to trial; nor are the parties involved in the two causes the same. As to the latter, again, the parties are not the same which, in and of itself, renders the theory of collateral estoppel inapplicable. Furthermore, depending upon the evidence presented on remand, it is possible that the two charges for improper lane usage relate to different facts and issues, which would further bolster our conclusion regarding the inapplicability of the doctrine.

■ Finally, we must address the question of whether the principle of "multiplicity of actions" bars the village from proceeding on its charges of driving under the influence and improper lane usage. Despite the phraseology employed by defendant, we assume that he is referring to our compulsory joinder statute which provides that, unless the interests of justice require otherwise:

> "If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution * * *." Ill. Rev. Stat. 1979, ch. 38, par. 3—3(b).

This statutory provision does not, however, require the joint prosecution of a municipal ordinance violation and a State criminal offense since a municipal ordinance violation is not an "offense" within the meaning of the statute. *People v. Crabtree* (1980), 82 Ill. App. 3d 87, 89, 402 N.E.2d 417, 419.

We note, parenthetically, that although the parties during this appeal have considered the charges written by the Round Lake Beach police to be for a municipal ordinance violation, and although we have operated under such an assumption in deciding this matter, we are not entirely certain that such is, in fact, the case. The citations prepared by the Round

Lake Beach police for unsafe equipment, driving under the influence and improper lane usage all refer to both sections of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 1—100 *et seq.*) and a municipal ordinance, despite the fact that the village of Round Lake Beach is specified as the plaintiff on the face of the complaint. It is possible that, if such charges are not for violations of the local ordinances of Round Lake Beach, the joinder statute may bar prosecution. Since we are not in a position to make such a determination on the record before us, the trial court is instructed, upon remand, to conduct further proceedings as may be necessary for a resolution of this question.

Accordingly, this cause is reversed and remanded to the circuit court of Lake County.

Reversed and remanded.

HOPF and NASH, JJ., concur.