719 So.2d 1245 (1998)
STATE of Florida, Appellant,
v.
General Lee MITCHELL, Appellee.
No. 97-4206.
District Court of Appeal of Florida, First District.
October 12, 1998.
*1246 Robert A. Butterworth, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellant.
Steven L. Seliger of Garcia and Seliger, Quincy, for Appellee.
WEBSTER, Judge.
The state seeks review of an order dismissing, as barred by double jeopardy, a charge of aggravated fleeing or attempting to elude a law enforcement officer and, for lack of jurisdiction, the misdemeanors of driving while under the influence and reckless driving. We agree with the state that, although appellee's prior conviction for fleeing or attempting to elude a law enforcement officer arose out of the same episode, it does not prohibit prosecution for, and conviction of, the separate offense of aggravated fleeing or attempting to elude a law enforcement officer. Accordingly, we reverse the dismissal of those charges.
The pertinent facts are not disputed. At about 3:00 a.m. on May 9, 1997, a Blountstown police officer stopped appellee for speeding in Calhoun County. Before the officer could exit his vehicle, appellee sped off, and the officer pursued with lights and sirens activated. As the two vehicles approached the Liberty County line, the officer radioed ahead that he was in high-speed pursuit of a vehicle. A Liberty County deputy sheriff and a Florida Highway Patrol officer saw appellee shortly after he had crossed the county line, and both then joined the pursuit, also with lights and sirens activated. Speeds in excess of 100 miles per hour were reached during the chase. At the Leon County line, two Leon County deputy sheriffs and two additional Florida Highway Patrol officers joined the pursuit. Appellee finally stopped in Tallahassee, where he was arrested.
Appellee was charged in Calhoun County with fleeing or attempting to elude a law enforcement officer and driving while his license was suspended or revoked. He ultimately pled guilty to both charges. He was also charged in Liberty County with aggravated fleeing or attempting to elude a law enforcement officer, driving while under the influence, driving while his license was suspended or revoked and reckless driving. He moved to dismiss, arguing that the convictions in Calhoun County for fleeing or attempting to elude a law enforcement officer and driving while his license was suspended or revoked precluded, on double jeopardy grounds, the prosecutions in Liberty County for aggravated fleeing or attempting to elude a law enforcement officer and driving while his license was suspended or revoked; and that, once the charge of aggravated fleeing or attempting to elude a law enforcement officer was dismissed, the remaining two charges must likewise be dismissed because both were misdemeanors over which only the county court had jurisdiction. At the hearing *1247 on the motion, appellee argued that both fleeing or attempting to elude a law enforcement officer and driving while one's license is suspended or revoked are "continuing offenses" precluding more than one conviction from a single episode simply by virtue of the fact that more than one county were involved. The state responded only to the argument regarding the charge of aggravated fleeing or attempting to elude a law enforcement officer. As to that charge, it took the position that appellee had been charged with a separate offense in each countyin Calhoun County, he had been charged with fleeing or attempting to elude the Blountstown police officer; whereas in Liberty County he had been charged with fleeing or attempting to elude the Highway Patrol officer who had joined the pursuit after appellee had crossed the county line. The trial court agreed with appellee, and entered an order dismissing all of the charges. After the state had filed its notice of appeal, the trial court entered an amended order dismissing the charges of aggravated fleeing or attempting to elude a law enforcement officer and driving while one's license is suspended or revoked on double jeopardy grounds, and transferring the two remaining misdemeanors to the county court. However, the amended order was a nullity because the trial court no longer had jurisdiction. See Maddry v. State, 649 So.2d 334 (Fla. 1st DCA 1995) (the trial court lacked jurisdiction to enter an amended order denying relief after a notice of appeal had been filed).
As an initial matter, we note that the statement of the issue in the state's brief asserts that it was reversible error to dismiss the charge of driving while one's license is suspended or revoked as well as the other charges. However, its brief contains no argument addressed to that charge. In the absence of any argument addressed to the propriety of dismissal of the charge of driving while one's license is suspended or revoked, we conclude that the state has abandoned such a claim. Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA) (on rehearing denied), review dismissed, 451 So.2d 848 (Fla.1984).
We think that the dispositive issue for purposes of this appeal is what the legislature intended the unit of prosecution to be when it drafted section 316.1935, which proscribes fleeing or attempting to elude a law enforcement officer. We think, further, that the answer to this question is to be found by application of the Grappin/Watts "a/any test."
The Grappin/Watts "a/any test" is the product of the decisions in Grappin v. State, 450 So.2d 480 (Fla.1984), and State v. Watts, 462 So.2d 813 (Fla.1985). Together, those two decisions stand for the proposition that, when a question arises regarding the unit of prosecution intended by the legislature in a particular criminal statute, use of the article "a" will result in the conclusion that the legislature clearly intended that the commission of multiple proscribed acts in the course of a single episode be prosecuted as discrete offenses; whereas use of the article "any" will result in the conclusion that the statute is ambiguous as to legislative intent and, as a result, in application of the rule of lenity to prohibit more than one prosecution. Thus, in Grappin, because the applicable statute proscribed the theft of "a firearm," the court held that the defendant could be convicted of five counts of theft of a firearm notwithstanding that all five firearms stolen were taken at the same time from the same owner. On the other hand, in Watts, because the applicable statute proscribed the possession by an inmate of the state correctional system of "any article" defined as contraband, the court held that the defendant could be convicted of only one count of possession of contraband notwithstanding that he had possessed two prison-made knives.
In this case, the applicable statute is section 316.1935, Florida Statutes (1995). To the extent relevant, it reads:
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been directed to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such directive or, having stopped in knowing compliance with the directive, willfully to flee in an attempt to elude the officer, and a person who *1248 violates this subsection shall, upon conviction, be punished by imprisonment in the county jail for a period not to exceed 1 year, or by fine not to exceed $1,000, or by both such fine and imprisonment.
(2) Any person who, in the course of unlawfully fleeing or attempting to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with sirens and lights activated pursuant to subsection (1), having knowledge of an order to stop by a duly authorized law enforcement officer, causes the law enforcement officer to engage in a high-speed vehicle pursuit commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Subsection (1) proscribes "willfully ... refus[ing] or fail[ing] to stop" a vehicle in response to a direction made by "a duly authorized law enforcement officer" and "willfully... flee[ing] in an attempt to elude the officer" after having stopped in response to such a direction. (Emphasis added.) Subsection (2) enhances the penalty from a first-degree misdemeanor to a third-degree felony when, "in the course of unlawfully fleeing or attempting to elude a law enforcement officer," the individual "causes the law enforcement officer to engage in a high-speed vehicle pursuit." (Emphasis added.) Applying the Grappin/Watts "a/any test" to this language leads us to conclude that the legislature clearly intended that the commission of multiple acts of fleeing or attempting to elude a law enforcement officer be prosecuted as discrete offenses notwithstanding that all occurred during a single episode. Cf. Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996) (applying the Grappin/ Watts test and holding that pursuant to section 843.01, Florida Statutes, which proscribes "knowingly and willfully resist[ing], obstruct[ing], or oppos[ing] any [law enforcement] officer," only one conviction was permitted notwithstanding that the defendant resisted or opposed three officers during a single incident).
Appellee argues that the Grappin/Watts test is inapposite. He contends that the correct rule is that employed in cases such as Hallman v. State, 492 So.2d 1136 (Fla. 2d DCA 1986). In Hallman, the defendant had been charged with, and convicted of, two counts of driving while his license was suspended, both of which had arisen out of a single driving episode. Concluding that driving while one's license is suspended or revoked is a "continuing offense" as long as there is no interruption in the driving episode, the Second District held that the defendant could be convicted of only one count. The court appears to have based its conclusion upon the proposition that "`[w]here the legislature has not explicitly stated the unit of an offense, the doubt will be judicially resolved in favor of construing a single transaction as a single offense.'" Id. at 1138 (quoting from People v. Dillingham, 111 Ill. App.2d 161, 249 N.E.2d 294, 297 (1969)).
We are of the opinion that Hallman and similar cases are distinguishable because they are based upon the propositions that (1) the applicable statute is not clear regarding the intended unit of prosecution; and (2) in the absence of such a clearly expressed intent, the rule of lenity mandates a conclusion that only one prosecution and conviction was intended. Here, in contrast, according to Grappin and Watts, there is no ambiguity in the applicable statute. Rather, those decisions require the conclusion that the legislature clearly intended to permit multiple prosecutions and convictions.
In summary, we hold that section 316.1935, Florida Statutes (1995), was intended to permit multiple prosecutions when a defendant flees or attempts to elude more than one law enforcement officer, even if all of the proscribed acts occur during a single episode. Accordingly, we reverse the trial court's dismissal of the charge of aggravated fleeing or attempting to elude a law enforcement officer and remand for further proceedings consistent with this opinion. Because we reverse the dismissal of that charge, we also reverse the dismissal of the misdemeanor driving while under the influence and reckless driving charges. The dismissal of the count charging driving while appellee's license was suspended or revoked is affirmed.
*1249 AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
JOANOS and ALLEN, JJ., concur.