No. 3--04--0187

______________________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS,
 ) for the 21st Judicial Circuit,

Plaintiff-Appellant, ) Kankakee County, Illinois

) 

v. ) No. 02–TR–18645

) 

HERBERT E. BATTERMAN, ) Honorable

Defendant-Appellee. ) J. Scott Swaim,

) Judge, Presiding 

______________________________________________________________________________

JUSTICE O’BRIEN delivered the opinion of the court:

______________________________________________________________________________

Defendant Herbert Batterman was charged in both Will and Kankakee Counties with fleeing and eluding police, and other traffic offenses, as the result of a police chase which began in Will County and ended in Kankakee County.  Batterman pled guilty to the Will County charges and was sentenced to 24 months’ conditional discharge.  He thereafter filed a motion to dismiss the fleeing-and-eluding charge in Kankakee County based on double jeopardy grounds.  The trial court granted Batterman’s motion and the State appealed.  We affirm.

FACTS

On October 5, 2002, Batterman was involved in a high-speed chase with law enforcement officers that began in Will County and ended in Kankakee County.  Batterman was subsequently charged in Will County with fleeing or attempting to elude a peace officer (625 ILCS 5/11-204 (West Supp. 2003)) and other offenses not at issue here.  Batterman was charged in Kankakee County with the same offenses with which he was charged in Will County, including fleeing and eluding, as well as some additional offenses also not at issue here.  Batterman pled guilty to the Will County charges and was sentenced to 24 months’ conditional discharge.  The sentence included fines totaling $570, 300 hours of public service work, compliance with a doctor’s orders, participation in traffic school, and 75 hours of mandatory counseling.  Thereafter, Batterman filed a motion to dismiss the charges in Kankakee County based on double jeopardy.  Following a hearing on Batterman’s motion, the trial court found that the charges violated the prohibition against double jeopardy and dismissed the charges.  The State appealed. 

ANALYSIS

The issue on appeal is whether the trial court erred when it determined that double jeopardy required the dismissal of the Kankakee County charges against Batterman.  The State argues that the dismissal was in error because Batterman’s act of fleeing and eluding constituted two offenses committed in two different counties against two different police agencies and that statutory authority exists for multiple prosecutions for the offense of fleeing and eluding.  We review this issue 
de novo
.  
Woods v. Cole
, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 335 (1998).   

The double jeopardy clause of the United States Constitution provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb” and is applicable to the states through the fourteenth amendment.  U.S. Const., amends. V, XIV.  The Illinois Constitution similarly provides that “[n]o person shall *** be twice put in jeopardy for the same offense.”  Ill. Const. 1970, art. I, §10.  The double jeopardy clause prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense.  
Brown v. Ohio
, 432 U.S. 161, 165, 53 L. Ed. 2d 187, 194
, 97 S. Ct. 2221, 2225 (1977), (citing 
North Carolina v. Pearce
, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65
, 89 S. Ct. 2072, 2076 (1969)).  Pursuant to the double jeopardy clause, courts may not impose more than one punishment for the same offense, nor may prosecutors attempt to secure such punishment in multiple prosecutions.  
Brown
, 432 U.S. at 166, 53 L. Ed. 2d at 194-95
, 97 S. Ct. at 2225. 
  

The State contends that application of the 
Blockburger
 test is required to determine if Batterman’s two offenses are distinct enough to allow prosecution for both.   Pursuant to that test, where the same act constitutes a violation of two distinct statutory provisions
, to determine if there are two offenses or only one
, the court focuses on whether each provision requires proof of an additional fact which the other does not.  
Blockburger v. United States
, 284 U.S. 299, 304, 76 L. Ed. 2d 306, 309, 52 S. Ct. 180, 182
 (1932). 
 Under the facts of the instant case, there are not two distinct statutory provisions at issue so the 
Blockburger
 test is inapplicable.  Rather, the question narrows to whether the acts charged in each county were part of a single, continuous offense.  
People v. Dillingham
, 111 Ill. App. 2d 161, 163, 249 N.E.2d 294, 295 (1969).  A continuing offense is “‘a continuous, unlawful act or series of acts set on foot by a single impulse and operated by an unintermittent force, however long a time it may occupy.’” 
Dillingham
, 111 Ill. App. 2d at 165, 249 N.E.2d at 296, quoting 
United States v. Midstate Horticulture Co.
, 306 U.S. 161, 166, 83 L. Ed. 563, 567, 59 S. Ct. 412, 414 (1939)
.  If the acts constitute a single continuing offense, the double jeopardy clause prohibits prosecutions by both Will and Kankakee Counties.  See 
Village of Round Lake Beach v. Sams
, 96 Ill. App. 3d 683, 686, 421 N.E.2d 1008, 1012 (1981). 

The State urges this court to rely on 
Florida v. Mitchell
, 719 So. 2d 1245 (Fla. App. 1998),  as a guide for determining this appeal.  
Mitchell
 involved the same facts as this case in that the defendant was charged in two counties with the offense of fleeing or attempting to elude a law enforcement officer.  
Mitchell
, 719 So. 2d at 1246-47.  
The trial court dismissed the charges from the second county on double jeopardy grounds. 
Mitchell
, 719 So. 2d at 1247.  
The reviewing court considered legislative intent and determined that the Florida statute at issue was intended to permit multiple prosecutions under the facts of the case.  
Mitchell
, 719 So. 2d at 1248.  In construing the statute, the court applied the “
Grappin
/
Watts
 ‘a/any’” test, 
a method for analyzing the unit of prosecution intended by the legislature in criminal statutes.  
Mitchell
, 719 So. 2d at 1247.  
Although the 
Mitchell
 case is instructive as a means to construe Florida law, we decline to apply it to the Illinois statute at issue in the instant case.  Instead, we turn to Illinois law to determine whether the charge of fleeing and eluding brought by Kankakee County is the same offense to which Batterman pled guilty in Will County.  

Section 11-204(a) of the Illinois Vehicle Code (625 ILCS 5/11-204(a) (West Supp. 2003)) concerns the offense of fleeing or attempting to elude a police officer.  The statute states, in part: 

“Any driver or operator of a motor vehicle who, having been given a visual or audible signal by a peace officer directing such driver or operator to bring his vehicle to a stop, wilfully fails or refuses to obey such direction, increases his speed, extinguishes his lights, or otherwise flees or attempts to elude the officer, is guilty of a Class A misdemeanor.”  625 ILCS 5/11-204(a) (West Supp. 2003)

The statute does not define the unit of the offense or what constitutes a separate and distinct offense.  
Illinois law instructs that where the unit of an offense has not been explicitly stated in the statute by the legislature, courts should resolve any doubt by construing a single transaction as a single offense.  
Dillingham
, 111 Ill. App. 2d at 166, 249 N.E.2d at 297.  
Contrary to the State’s assertion, the limitations put forth under the double jeopardy clause cannot be avoided by “dividing a single crime into a series of temporal or spatial units.”  
Brown
, 432 U.S. at 169, 53 L. Ed. 2d at 196, 97 S. Ct. at 2227
.  
The facts indicate that Batterman drove without interruption from Will County into Kankakee County.  Because Batterman’s conduct was a continuous, unlawful act, his act of fleeing and eluding was only one offense under the Illinois statute.  The fact that the acts of his offense carried him from Will County into Kankakee County does not allow both counties to prosecute him without violating the constitutional prohibitions against double jeopardy.  See 
Waller v. Florida
, 397 U.S. 387, 392, 90 S. Ct. 1184, 1187, 25 L. Ed. 2d 435, 439 (1970), quoting 
Reynolds v. Sims
, 377 U.S. 533, 575, 12 L. Ed. 2d 506, 535, 84 S. Ct. 1362, 1388 (1964) (“‘[p]olitical subdivisions of States – counties *** – never were and never have been considered as sovereign entities” but are considered “‘subordinate governmental instrumentalities’”).  The trial court properly granted Batterman’s motion to dismiss the Kankakee County charges.  

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.
 

Slater, P.J., and Holdridge, J., concurring.