TORPY, J.
Appellant was convicted of robbery with a deadly weapon, possession of heroin and two counts of fleeing to elude law enforcement officers. He received a life sentence on the robbery count and concurrent five-year sentences on the remaining counts. His sole challenge on appeal is that, because the two fleeing to elude counts arose from the same episode, his conviction on both violates his constitutional right against double jeopardy. Because of the way Appellant was charged here,, we agree and reverse the conviction on Count IV. •
Appellant led sheriffs deputies on a high-speed pursuit aftér committing a robbery. Although the fleeing offenses might have constituted separate offenses because multiple officers in multiple vehicles were apparently involved in the pursuit, the state charged Appellant with the same crime in both counts.
In Count III, the state alleged that Appellant fled from “Deputy Jason Levine and Deputy Chet Parker, a law enforcement officer ... in an authorized ... vehicle with agency insignia ... with lights and sirens activated, “in violation of Florida Statute 316.1935(2).” (Emphasis supplied).
In Count IV, Appellant was charged with violating the same statute, section 316.1935(2), by fleeing from “a duly authorized law enforcement officer ..., to wit: Deputy Jason ’Levine and Deputy Chet Parker, in an authorized ... vehicle while siren and lights were activated.... ” This count also contained the added allegation, not alleged in Count III, that Appellant caused the deputies to engage in a high-speed pursuit..
The trial testimony revealed that multiple police vehicles from multiple agencies were involved in the pursuit. However, Levine and Parker were riding in the same sheriffs vehicle during the pursuit.
In support of its argument that Appellant’s convictions can be sustained against Appellant’s double jeopardy challenge, the state relies upon State v. Mitchell, 719 So.2d 1245 (Fla. 1st DCA 1998). We think Mitchell is distinguishable. There, the defendant, after having been stopped by an officer in one county, fled from that officer into a second county where two different officers in two separate vehicles joined in the high-speed pursuit. Reasoning that the language of the fleeing statute manifests an intent that “multiple prosecutions [are permitted], when a defendant flees or attempts to elude more than one law enforcement officer, even if all of the proscribed acts occur during a single episode,” the First District Court of Appeal held that the defendant could separately be charged and convicted under section 316.1935(1), related to fleeing the officer in the first county, and under , section 316.1935(2), for fleeing in the second county.
We do not think it material to the First District’s decision that the episode there occurred in different counties, nor was it pertinent that the defendant there was charged under two different subsections of section 316.1935. What was central to that decision, however, and what distinguishes Mitchell from the instant case, is the fact that, in Mitchell, the separate charges were based on the fact that multiple officers in-multiple vehicles were involved in the pursuit. Here, conversely, Appellant was only charged with fleeing from Levine and Parker, who were properly treated as one officer in the charging document because they were riding in one “authorized vehicle.” We do not read the statute to evince'’a legislative intent that separate charges may be levied merely because more than one officer occupies a single chasing vehicle.
*698 The foregoing notwithstanding, the state urges that Appellant’s convictions can be sustained because he committed two distinct offenses chargeable under two different subsections of the statute. In support of this contention, the state suggests that Count IV was intended to charge a violation of section 316.1935(3), but that, due to a scrivener’s error, the wrong statute was cited in the information. We reject this argument for two reasons: First, we fail to see any indication that a scrivener’s error occurred. A violation of section 316.1935(3) is a second degree felony, yet Appellant’s charge and conviction under count IV was for a third degree felony, consistent with a violation of subsection (2). The state never sought to amend the information, never objected to Appellant’s judgment and sentence and cannot now modify the charge by arguing that it intended for Appellant to be charged with a different offense, especially when the new charge is one for which the potential punishment is greater.[1] Second, because every element of section 316.1935(2) is included within section 316.1935(3), convictions under both subsections may not be based on the same episode of fleeing from the same officer. See Young v. State, 827 So.2d 1075 (Fla. 5th DCA 2002); Wilson v. State, 776 So.2d 347, 352 (Fla. 5th DCA 2001); § 775.021, Fla. Stat. (2004).
Appellant’s conviction and sentence on Count IV are REVERSED.
THOMPSON and ORFINGER, JJ, concur.

. See S.J. v. State, 831 So.2d 1288 (Fla. 5th DCA 2002) ("The conviction of a crime not charged constitutes fundamental error.”); Abies v. State, 338 So.2d 1095, 1096 (Fla. 1st DCA 1976) ("an accused is entitled to have the charge proved substantially as laid; he cannot be charged with one offense and convicted of another, even though the offenses are of the same character and carry the same penalty”).