**Edwin Leonard FOLEY, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2006–CA–002098–MR.**

Court of Appeals of Kentucky.

Sept. 7, 2007.

C. Mike Moulton, Elizabethtown, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON and VANMETER, Judges; GRAVES [1], Senior Judge.

---

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Ken-

## OPINION

DIXON, Judge.

Appellant, Edwin Leonard Foley, was convicted in the Hardin Circuit Court of first-degree fleeing and evading, first-offense driving under the influence, and possession of an open container of alcohol in his vehicle. He was sentenced to one year imprisonment and appeals to this Court as a matter of right. Because we conclude that the charge of fleeing and evading should have been dismissed, we reverse Appellant's conviction and remand the matter to the trial court.

On April 6, 2005, Radcliff Police Officer Chris Thompson observed Appellant driving erratically on U.S. 31 W in Hardin County. Officer Thompson, who was in an unmarked car and wearing civilian clothing, followed Appellant to the junction of U.S. 31W and KY 313. Appellant turned left onto KY 313 and, according to Officer Thompson, pulled his vehicle over on the side of the road and stopped[2]. Officer Thompson pulled over in back of Appellant and placed a small blue light on the dash of his car. After putting on some type of police vest, Officer Thompson attempted to approach Appellant's vehicle. Officer Thompson stated that Appellant drove away at a high rate of speed.

Officer Thompson thereafter resumed his pursuit of Appellant, who was driving at approximately 50 to 60 miles per hour. As Appellant neared I–65, Radcliff Police Officer Mark Skees joined in the pursuit in a marked vehicle with lights and siren operating. Appellant then merged onto northbound I–65 and within eight tenths of a mile crossed the county line into Bullitt County. Officers Thompson and Skees remained behind Appellant for "quite a while" until officers from Bullitt County

placed "stop sticks" at mile marker 116 on I–65, disengaging Appellant's vehicle. Appellant was then removed from his vehicle and arrested by Bullitt County officers. Because the initial incident began in Hardin County, Bullitt County officers turned Appellant over to the Radcliff police.

Appellant was charged in the Bullitt Circuit Court with fleeing and evading police, resisting arrest, first-degree wanton endangerment, and second-degree criminal mischief. On June 30, 2006, Appellant pled guilty to, among other charges, an amended charge of second-degree fleeing and evading in Bullitt County. On October 27, 2005, Appellant was indicted in the Hardin Circuit Court for first-degree fleeing and evading, DUI, and possession of an open alcoholic beverage container, all arising out of the same April 6, 2005 incident.

Appellant subsequently filed a motion to dismiss the charge of fleeing and evading on double jeopardy grounds. Citing KRS 505.030, Appellant argued that the Bullitt County conviction, which was the same offense based on the same continuing course of conduct, barred further prosecution in Hardin County. Following a hearing, the trial court entered an order denying Appellant's motion. During the subsequent trial, a motion to dismiss on double jeopardy grounds was again raised as a motion for directed verdict and denied by the trial court. A jury thereafter convicted Appellant of all charges. This appeal ensued.

■ Appellant contends that his conviction for fleeing and evading in Hardin County violates his rights under the United States and Kentucky Constitutions. Appellant further argues that the trial

tucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Appellant denies stopping his car or noticing Thompson's vehicle behind him.

court erred in giving an instruction that did not specifically name the only officer listed in the original indictment. As we agree with Appellant's first argument, the second is necessarily rendered moot.

■ The double jeopardy clause of the Fifth Amendment to the United States Constitution provides, in pertinent part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Section 13 of Kentucky's Constitution includes a virtually identical provision and affords protections which parallel those guaranteed by the Fifth Amendment. *Cooley v. Commonwealth,* 821 S.W.2d 90, 92 (Ky.1991). The double jeopardy clause prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Kentucky's statutory scheme in KRS 505.020 *et seq.* establishes a method of analyzing double jeopardy challenges for multiple offenses (KRS 505.020); former prosecutions for the same offense (KRS 505.030); former prosecutions for different offenses (KRS 505.040); and former prosecutions in other jurisdictions (KRS 505.050).

In its order denying the motion to dismiss, the trial court herein framed the question as whether Appellant was facing prosecution in Hardin County for the same offense that he pled guilty to in Bullitt County. Finding that Appellant was not, the court noted,

> Pursuant to 505.020(1)(c), a defendant can be prosecuted for more than one offense in a "single course of conduct" unless the offense for which the defendant is being prosecuted "is designed to prohibit a continuing course of conduct" and that course of conduct "was uninterrupted by legal process...." ... KRS

520.095 provides for the elements of first-degree fleeing or evading police. The charge requires proof that a person "knowingly or wantonly disobeys a direction to stop his or her motor vehicle, given by a person recognized to be a police officer...." KRS 520.095(1)(a). The statute is not designed to punish a course of conduct. It is designed to punish a specific act, disobeying a direction to stop.

When a defendant never stops during a brief police chase and gives no indication of doing so, one may argue that a single act occurred no matter how many police cars were following him. Under [*Welborn v. Commonwealth,* 157 S.W.3d 608 (Ky.2005)], it will depend on specific circumstances. The testimony of Officer Skees is that Defendant was given a separate order to stop in Hardin County which was disobeyed, thus starting the chase. Over twenty miles later in Bullitt County, specific acts of other police forces occurred. By the passage of time and distance, the Defendant formed a separate intent to commit a separate act to disobey a separate and different direction to stop.

We agree with the trial court that the legislative intent behind KRS 520.095 was not designed to punish a course of conduct. Rather, it was intended to punish a specific act, failing to disobey a direction given by a police officer. However, we conclude that fleeing or evading, under circumstances as occurred in this case, is a single continuous act, regardless of how many police officers may be considered to have given an order to stop.

The trial court's reliance on *Welborn* is misplaced. In *Welborn,* the defendant was convicted of three counts of assault stemming from his shooting of a police officer. On appeal, the defendant argued that his behavior was one continuing course of con-

duct and that only one count of assault should have been submitted to the jury. The Kentucky Supreme Court disagreed, noting that the defendant shot the trooper three separate times and inflicted three separate wounds. "Each shot was preceded by a sufficient period of time in which Welborn could reflect on his conduct and formulate the intent to commit another act." 157 S.W.3d at 612. Thus, the Court concluded that there was a "sufficient break in the conduct and time so that the acts constituted separate and distinct offenses." *Id.*

Similar to *Welborn,* the Court in *Ratliff v. Commonwealth,* 194 S.W.3d 258, 273 (Ky.2006), held that a defendant's convictions and punishments for seven separate counts of first-degree criminal abuse did not violate the proscription against double jeopardy. The Court reasoned that the "incident of applying a hot cigarette lighter to L.M.'s body created the prohibited result under KRS § 508.100 ..., and the subsequent act of re-applying the hot cigarette lighter to a different part of L.M.'s body constituted a second instance of conduct proscribed by KRS § 508.100." *Id.* at 273. *See also Hennemeyer v. Commonwealth.,* 580 S.W.2d 211, 214 (Ky.1979) ("[S]ix separate gunshots fired by a defendant at pursuing police over a span of fifteen minutes [constituted] six separate counts of wanton endangerment.")

The issue of whether multiple charges under KRS 520.095 violate the proscription against double jeopardy is apparently one of first impression in Kentucky. However, we find instructive the decision in *People v. Batterman,* 355 Ill.App.3d 766, 291 Ill. Dec. 738, 824 N.E.2d 314 (Ill.App.Ct.2005), wherein the Illinois Appellate Court addressed an analogous factual scenario. Herbert Batterman engaged police on a high-speed chase that began in Will County, Illinois and ended in Kankakee County,

Illinois. Batterman was thereafter charged in both counties with, among other charges, fleeing or attempting to allude police. Batterman pled guilty to the Will County charges, and thereafter filed a motion to dismiss the Kankakee County charges on double jeopardy grounds. The trial court dismissed the charges and the State appealed.

The Illinois Appellate Court affirmed the lower court, holding,

Contrary to the State's assertion, the limitations put forth under the double jeopardy clause cannot be avoided by "dividing a single crime into a series of temporal or spatial units." [*Brown v. Ohio,* 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977)] The facts indicate that Batterman drove without interruption from Will County into Kankakee County. Because Batterman's conduct was a continuous, unlawful act, his act of fleeing and eluding was only one offense.... The fact that the acts of his offense carried him from Will County into Kankakee County does not allow both counties to prosecute him without violating the constitutional proscriptions against double jeopardy. (Citations omitted).

*Batterman, supra,* at 317.

Similarly, Appellant herein drove without interruption from Hardin County into Bullitt County. Although he denies any knowledge that police officers were in pursuit of him prior to his entry into Bullitt County, he concedes, for the purpose of argument, that the fleeing or eluding began when Officer Thompson placed the blue light in his dash and attempted to approach Appellant's vehicle. From that point forward until Appellant's vehicle was stopped on I–65, the pursuit was ongoing and without interruption.

We are of the opinion that unlike the offenses in *Welborn* and *Ratliff,* the intent

to disregard a police officer's order to stop and then to flee or evade is made when the initial officer gives the direction to stop. That intent does not change simply because other officers become involved. Appellant herein failed to obey a lawful directive of the Commonwealth. His continued disregard constituted a single event without any sufficient break in conduct and time, and thus cannot be parsed into separate and distinct offenses. *See Welborn, supra.*

KRS 505.030 governs the effect of former prosecution on a defendant for the same offense in Kentucky, and provides in relevant part:

> When a prosecution is for a violation for the same statutory provision and is based upon the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in:
>
> (a) An acquittal, or
>
> (b) A conviction which has not subsequently been set aside[.]

Clearly, as Appellant was prosecuted and pled guilty in the Bullitt Circuit Court to fleeing or evading under KRS 520.095, he cannot be prosecuted in Hardin County for a violation of the same statutory provision based upon the same facts. KRS 505.030(1)(b). As such, the trial court erred in failing to dismiss the charge of fleeing and evading.

Because we conclude that Appellant's conviction for fleeing and evading must be vacated, we necessarily do not reach his argument regarding an alleged error in the jury instructions.

The judgment and sentence of the Hardin Circuit Court is reversed with respect to Appellant's conviction for first-degree fleeing and evading. This matter is remanded to the trial court for further proceedings consistent with this opinion.

ALL CONCUR.