RENDERED: MARCH 26, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0513-MR

COMMONWEALTH OF KENTUCKY                              APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.    HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 18-CR-000867-002


JAMES JOINER                                            APPELLEE


OPINION
VACATING

** ** ** ** **

BEFORE: GOODWINE, TAYLOR, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE: The Commonwealth appeals from the March 23, 2020 order of the Jefferson Circuit Court dismissing three counts against James Joiner on grounds that prosecution was prohibited by the double jeopardy clauses of the United States Constitution and the Kentucky Constitution. After careful review, the March 23, 2020 order is vacated.

# BACKGROUND

On November 8, 2017, Joiner was arrested following a traffic stop in Nelson County, Kentucky. Police officers found marijuana and firearms in his vehicle. During the same evening, police executed a search warrant on Joiner's residence in Jefferson County, Kentucky. Joiner remained in police custody while the search was conducted. Police officers recovered marijuana and firearms from the residence.

On December 20, 2017, a Nelson County grand jury indicted Joiner on several offenses including one count of possession of a handgun by a convicted felon[1] and one count of complicity in trafficking five or more pounds of marijuana.[2] On March 21, 2018, a Jefferson County grand jury indicted Joiner on ten counts including possession of a handgun by a convicted felon; possession of a firearm by a convicted felon; and complicity to traffic eight ounces or more but less than five pounds of marijuana while in possession of a firearm by a convicted felon.[3] On August 9, 2019, Joiner was convicted of the Nelson County charges and was subsequently sentenced to five years' imprisonment.

---

[1] Kentucky Revised Statutes (KRS) 527.040, a Class C felony.

[2] KRS 218A.1421(4), a Class C felony; KRS 502.020.

[3] KRS 218A.1421(3), a Class D felony; KRS 218A.992.

Joiner then moved the Jefferson Circuit Court for dismissal of the counts for possession of a handgun by a convicted felon, possession of a firearm by a convicted felon, and trafficking in marijuana while in possession of a firearm by a convicted felon arguing prosecution would violate his right to be free from double jeopardy. The Commonwealth argued Joiner could be prosecuted in Jefferson County because the two indictments resulted from separate courses of conduct.[4] The trial court granted Joiner's motion. This appeal followed.

## STANDARD OF REVIEW

"The double jeopardy clause prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Foley v. Commonwealth*, 233 S.W.3d 734, 736 (Ky. App. 2007) (citing *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187 (1977)). We review the trial court's decision relating to double jeopardy *de novo*. *See Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996).

## ANALYSIS

On appeal, the Commonwealth argues the trial court erred in determining prosecution of the Jefferson County charges would violate the

---

[4] The Commonwealth concedes Joiner may only be convicted of either possession of a handgun by a convicted felon or possession of a firearm by a convicted felon.

constitutional prohibition against double jeopardy. Specifically, the Commonwealth argues the Jefferson County charges arose from a separate course of conduct from the course of conduct which resulted in the Nelson County conviction. Joiner claims the two indictments stemmed from a single course of conduct.

Kentucky's statutory scheme provides a method for analyzing double jeopardy challenges. KRS 505.020(1) states in relevant part:

> When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:
>
> . . .
>
> (c) [t]he offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.

Generally, "[c]ontinued possession of contraband is a single course of conduct that gives rise to a single offense." *Williams v. Commonwealth*, 336 S.W.3d 42, 45 (Ky. 2011) (citation omitted). However, "an arrest constitutes legal process sufficient to interrupt the possession of contraband[.]" *Id.* at 46 (citations omitted).

In *Williams*, the defendant was arrested for trafficking in a controlled substance resulting from cocaine police found in the vehicle in which he was a passenger. *Id.* at 44. After his arrest, Williams attempted to swallow a second quantity of cocaine, which led to his indictment on a second count of trafficking in a controlled substance. *Id.* The Kentucky Supreme Court, in holding the two charges did not constitute double jeopardy, determined Williams "possessed two discrete quantities of cocaine—the quantity found in the car and the quantity that he tried to swallow[.]" *Id.* at 45. The Court further held that, even if it were to consider the second quantity of cocaine part of the stash recovered from the vehicle, Williams was not entitled to relief because his course of conduct was interrupted by his arrest. *Id.*

Herein, Joiner first possessed marijuana and firearms in his vehicle in Nelson County where he was arrested. Subsequently, police recovered separate quantities of marijuana and firearms from his residence in Jefferson County. Like Williams, Joiner possessed two discrete quantities of marijuana and firearms in two distinct locations. *Id.* at 44. Joiner's arrest in Nelson County also constitutes sufficient legal process to interrupt his course of conduct such that the Jefferson County charges are not prohibited under KRS 505.020(1)(c).

Relatedly, the trial court primarily relied upon *Hinchey v. Commonwealth*, 432 S.W.3d 710 (Ky. App. 2014), in dismissing the charges

against Joiner. Therein, this Court, in setting aside one of Hinchey's two convictions for possession of a handgun by a convicted felon, held "[s]ince the statute does not explicitly designate separate offenses for each firearm found in the possession of a convicted felon, Hinchey's possession of two firearms in the vehicle constitutes a single course of conduct." *Id.* at 714.

This matter is easily distinguished from *Hinchey*, and it "is a difference that makes a difference[.]" Record at 56. Herein, police in two counties separately recovered firearms from different locations at different times. In contrast, both of Hinchey's firearms were recovered from his vehicle at the time of his arrest. *Hinchey*, 432 S.W.3d at 712. Furthermore, Hinchey's possession was uninterrupted by legal process while Joiner's was interrupted by his arrest. While Hinchey's possession was properly characterized as a single course of conduct, Joiner's cannot be so classified.

In sum, because Joiner's conviction in Nelson County and indictment in Jefferson County arose from distinct courses of conduct, the Jefferson County charges do not violate the constitutional prohibition against double jeopardy.

## <u>CONCLUSION</u>

For these reasons, the March 23, 2020 order of the Jefferson Circuit Court is hereby VACATED.

ALL CONCUR.

-6-

BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Daniel Cameron                          Yvette De La Guardia
Attorney General of Kentucky            Louisville, Kentucky

Jeanne Anderson
Special Assistant Attorney General
Louisville, Kentucky