450 So.2d 480 (1984)
Kent Edward GRAPPIN, Petitioner,
v.
STATE of Florida, Respondent.
No. 63450.
Supreme Court of Florida.
May 10, 1984.
*481 Jerry Hill, Public Defender, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Second District Court of Appeal reported as State v. Grappin, 427 So.2d 760 (Fla. 2d DCA 1983), in which the district court held that the unlawful taking of two or more firearms during the same criminal episode is subject to separate prosecution and punishment under the theft statute as to each firearm taken. We find direct conflict with Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981); Drakes v. State, 400 So.2d 487 (Fla. 5th DCA), review denied, 411 So.2d 381 (Fla. 1981); and Joiner v. State, 382 So.2d 1357 (Fla. 1st DCA), review denied, 388 So.2d 1114 (Fla. 1980). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we approve the decision of the district court.
The facts reflect that the petitioner was charged in a five-count information which alleged that he committed five separate acts of second-degree grand larceny by stealing five firearms during the course of a single burglary. Petitioner moved to dismiss the information contending that, under the circumstances of this case, he could only be charged with one larceny offense. At the hearing on petitioner's motion to dismiss, it was agreed that the firearms in question were owned by the same individual and were taken from the same place at the same time. The trial court dismissed the information without prejudice to the state to file an amended information. Relying on Hearn v. State, 55 So.2d 559 (Fla. 1951), the trial court held that where several items are taken at the same time and place as one continuous act, the offense is a single theft.
The state appealed the dismissal of the information and the district court reversed the trial court's order. The district court recognized the principle that the "legislature can treat the simultaneous unlawful taking of two or more of a particular object of property as separate thefts." 427 So.2d at 762. The district court further recognized, however, that where the "legislature does not establish the allowable unit of prosecution with clarity, the ambiguity must be resolved in the accused's favor." Id. In construing the theft statute, section 812.014(2)(b), Florida Statutes (1981), to determine the allowable unit of prosecution intended by the legislature,[*] the district court concluded that in the statute the legislature used the articles "a" and "any" to signify the permissible unit of prosecution. Because the article "a" was used in reference to "a firearm" in section 812.014(2)(b)3, the district court determined, the legislature intended "to treat separately each stick in the bundle," id. at 763, and to allow separate prosecution and punishment for the taking of each firearm. The trial court's reliance on Hearn v. State, the district court determined, was incorrect because Hearn "antedated the enactment of the theft statute ... [and] conflicts with the legislature's intent regarding the allowable unit of prosecution under parts 2 through 4 of section 812.014(2)(b)." Id. at 762. The district court concluded that
a common sense reading of the plain language of section 812.014(2)(b) demonstrates *482 that the legislature unmistakably intended for the simultaneous unlawful taking of more than one firearm to be subject to a separate prosecution (and punishment) as to each firearm so taken. One who reads subsection (2)(b) is not only placed on guard that the unlawful taking of a single firearm is a single violation of the theft statute but is also provided with a fair warning that the simultaneous stealing of several firearms is several violations of the theft statute. In short, a single firearm is the unit of prosecution.
Id. at 763.
The petitioner contends that this Court should reject the district court's construction of the statute and reaffirm the rule in Hearn that where several items are stolen in a single criminal episode only one larceny has occurred. Petitioner argues that to allow the state to divide a single theft offense into several separate larcenies is violative of double jeopardy protections because there has been only one taking. Further, petitioner asserts, the district court's strained reading of the theft statute and its distinction between the articles "a" and "any" does not result in a common sense interpretation of the statute; both articles carry the same meaning and refer to one thing. Finally, the petitioner maintains that, at best, the legislative intent as to the permissible unit of prosecution is ambiguous and that, as the district court noted, any such doubt should be resolved in favor of the accused.
We agree with the district court and approve its decision. In our recent decision in State v. Getz, 435 So.2d 789 (Fla. 1983), which was decided after the district court issued its opinion in this case, we held that the grand theft of a firearm and the petit theft of a calculator and coins at the same time from the same place constitute separate offenses under section 812.014(2)(b) and (c). We concluded that "as the theft statute is written, the legislature intended to make theft of a firearm under subsection (2)(b)3 and theft of property worth less than one hundred dollars under subsection (2)(c) separate and distinct offenses, even where the thefts occur in a single criminal episode." Id. at 791. In Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), the United States Supreme Court held that "[t]he punishment appropriate for the diverse federal offenses is a matter for the discretion of Congress...." Id. at 82, 75 S.Ct. at 621. If the Congress does not fix the punishment for federal offenses clearly and without ambiguity, the Court held, then the rule of lenity applies and the ambiguity is to be resolved against turning a single transaction into multiple offenses. Where legislative intent as to punishment is clear, however, the rule of lenity does not apply. In Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), the United States Supreme Court found the legislative intent clear, distinguished Bell, and upheld three separate convictions and sentences arising out of a single criminal episode of narcotics distribution.
We find that the use of the article "a" in reference to "a firearm" in section 812.014(2)(b)3 clearly shows that the legislature intended to make each firearm a separate unit of prosecution. The construction which this Court and the district court place on this statute is consistent with federal court decisions construing similar federal statutes. Federal courts have held that the term "any firearm" is ambiguous with respect to the unit of prosecution and that several firearms taken at the same time must be treated as a single offense with multiple convictions and punishments being precluded. See United States v. Rosenbarger, 536 F.2d 715 (6th Cir.1976), cert. denied, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); United States v. Kinsley, 518 F.2d 665 (8th Cir.1975). On the other hand, the phrase "to receive or possess a firearm" has been held to express a legislative intent to allow separate prosecutions for each firearm. In United States v. Alverson, 666 F.2d 341, 347 (9th Cir.1982), the court stated:
Use of the article "a" stands in marked contrast to other language in other weapons statutes that have been interpreted *483 to preclude prosecution for each object of the offense. Compare United States v. Brown [Brown v. United States], 623 F.2d 54 at 58 (use of "any") with Sanders v. United States, 441 F.2d 412 at 414-15 (use of "a").
In conclusion, we agree with the district court that this Court's decision in Hearn is not controlling here. Hearn is not applicable here because the legislature unambiguously intended that the taking of each firearm be treated as a theft. Multiple thefts of firearms which occur in a single episode are to be considered separate crimes under the statute.
For the reasons expressed, we approve the decision of the district court and disapprove the decisions in Thomas, Drakes, and Joiner to the extent that they conflict with our decision here.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
The charges were made under the same subsection of section 812.014(2)(b) and all the firearms were taken during the same episode. State v. Getz, 435 So.2d 789 (Fla. 1983), involved charges based on two different subsections of section 812.014(2).
Under the rule pronounced by the majority, an accused charged with stealing one hundred "hundred dollar bills" could be charged with one hundred grand thefts. If there were some extra change, he would face an additional petit larceny charge for each coin. This result is ridiculous.
NOTES
[*] Section 812.014(2)(b) reads as follows:

(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more, but less than $20,000.
2. A will, codicil, or other testamentary instrument.
3. A firearm.
4. A motor vehicle.
5. Any member of the genus Bos (cattle) or the genus Equus (horse), or any hybrid of the specified genera.
6. Any fire extinguisher.
7. Any amount of citrus fruit consisting of 2,000 or more individual pieces of fruit.
8. Taken from a designated construction site identified by the posting of a sign as provided for in s. 810.09(2)(d).
(Emphasis added.)