475 So.2d 252 (1985)
Ronnie James BURKE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1198.
District Court of Appeal of Florida, Fifth District.
July 25, 1985.
Rehearing Denied September 6, 1985.
James B. Gibson, Public Defender, and David A. Henson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from convictions for three counts of uttering forged bills.
Appellant gave his landlord three one-dollar bills which had been altered by pasting the corners of twenty-dollar bills upon the corners of the one-dollar bills. The three bills were given simultaneously for rent. It is our conclusion that this transaction is a single criminal act and appellant can be convicted only once. Therefore, two of the three convictions are reversed. State v. Watts, 462 So.2d 813 (Fla. 1985).
AFFIRMED in part; REVERSED in part.
DAUKSCH and ORFINGER, JJ., concur.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:

THE FACTS:
At the same time and place, under the same circumstances and as one act the defendant gave (passed) to his landlord three one dollar bills each of which had been altered to appear to be twenty dollar bills. The defendant was convicted of three counts of uttering a forged bill (§ 831.09, Fla. Stat.).

THE ISSUE:
Does the defendant's three convictions violate constitutional double joepardy (Art. V, U.S. Const. and Art. I, § 9, Fla. Const.) because his three convictions essentially and substantively relate to "the same offense" in that there was but one act of uttering or passing that merely involved three altered bills?

THE LEGAL QUESTION:
This case involves constitutional law, the double jeopardy clause and the identity of offense problem. The constitutional question cannot always be avoided by a holding that the issue is merely one of statutory construction. If the statute is construed and applied to authorize but one conviction on the facts, the constitutional question can be avoided, but if the statute is construed and applied to authorize or permit a separate *253 conviction for each of the three altered bills passed, the constitutional question is presented as to whether the defendant has been put in jeopardy thrice for what is, in substance and constitutional contemplation, but one and "the same offense."[1]
As in Miles v. State, 418 So.2d 1070 (Fla. 5th DCA 1982), the compared offenses in this case are based on the exact same statute. Accordingly the essential constituent elements of the three charges are necessarily the same. Therefore, the only basis, if any, for making a substantive differentiation between the three criminal charges, as is necessary to meet limitations imposed by the double jeopardy clauses, is that each charge was based on a distinguishably different factual event. Here all three charges are based on but one act and one elemental factual event.
If the focus is on the altered bills passed, then, of course, there were three in this case. On the other hand, if the focus is on the act of uttering, passing or tendering there was only one such act in this case.
If at one time and place, under the same circumstances, as one act and with the same intent the defendant had unlawfully taken three bills he could have constitutionally been convicted of but one larceny offense.[2] Therefore, when, as here, he unlawfully gave three bills to one person at one time and place and under the same circumstances, as one act, and with the same intent, there is no rational basis to hold that he can constitutionally be convicted of three offenses.
Because the focus, the purpose and the crux of the statute in question appears to be to prohibit the wrongful act of uttering or passing or tendering altered bills and notes, it should be held that, notwithstanding that three altered bills were involved in the one passing, essentially and substantively there was but one act, one factual event, and one offense in this case.[3]

CONCLUSION:
The division, by the state attorney, of one substantive offense into three nominal criminal charges resulting in three convictions put the defendant in jeopardy three times for "the same offense" and violated the defendant's constitutional double jeopardy rights and is fundamental error (Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984)). Accordingly, two of the three convictions should be reversed.
NOTES
[1] Compare Grappin v. State, 450 So.2d 480 (Fla. 1984) (each firearm stolen at the same time authorized a separate conviction) with State v. Watts, 462 So.2d 813 (Fla. 1985) (possession of two knives in prison but one offense). As for statutory construction the statute in this case (§ 831.09, Fla. Stat.) refers to "any" altered note or "any" bill or note as did the statute (§ 944.47, Fla. Stat.) in Watts. Further, statutes should be construed as having been intended to have a constitutional result.
[2] See Hearn v. State, 55 So.2d 559, 28 ALR.2d 1179 (Fla. 1951). Notwithstanding the statutory construction basis for the decision in Grappin, Judge Cobb correctly perceived the substantive singleness (sameness) of an elemental factual event when he wrote, in Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), "If a defendant thrusts a pistol into a victim's ribs and says, `Give me your watch, your wallet and your tie!' and the victim complies, only one statutory violation, one robbery, has been committed."
[3] This does not mean, of course, that a defendant who forges or alters three bills or notes (§ 831.07 Fla. Stat.) or other records (§ 831.01, Fla. Stat.) cannot constitutionally be convicted of three offenses of forgery. Each forgery would appear to constitute a substantively different act of forgery.