711 So.2d 1221 (1998)
Dexter HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1852.
District Court of Appeal of Florida, First District.
May 12, 1998.
Nancy A. Daniels, Public Defender; Mark E. Walker, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Following a jury trial, appellant was convicted of two counts of possession of a firearm by a convicted felon. On appeal, he argues only that one of the convictions must be set aside because, although he possessed two firearms, he possessed both at the same time. Therefore, he contends that he committed *1222 only one offense pursuant to the applicable statute, and dual convictions violate the prohibition against double jeopardy. We agree and, accordingly, reverse one of the convictions.
The relevant facts are not in dispute. Appellant, who had a prior Florida felony conviction, discarded a bag containing two handguns while being chased by a police officer. He was subsequently charged with, and tried for, two counts of possession of a firearm by a convicted felon in violation of section 790.23, Florida Statutes (1995). Following the jury's verdict of guilt on both counts, appellant was adjudicated guilty of both offenses, and sentenced to concurrent 20-year sentences, as an habitual felony offender. This appeal follows.
Appellant did not present the issue he now raises to the trial court. He was sentenced on April 15, 1997, after the effective date of the Criminal Appeal Reform Act of 1996 (ch. 96-248, Laws of Fla.). However, he argues that he is entitled to raise the issue on appeal, notwithstanding section 4 of that Act (codified as section 924.051, Florida Statutes), because a conviction which violates the prohibition against double jeopardy constitutes "fundamental error," and may be raised for the first time on appeal. The state does not dispute this argument. We agree that appellant may argue for the first time on appeal that his dual convictions violate the prohibition against double jeopardy, because such a claim is one of fundamental error. See State v. Johnson, 483 So.2d 420 (Fla. 1986) (a criminal conviction which violates the prohibition against double jeopardy constitutes fundamental error); Sanford v. Rubin, 237 So.2d 134 (Fla.1970) (fundamental error may be raised for the first time on appeal).
To the extent relevant, section 790.23, Florida Statutes (1995), reads:
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm ... if that person has been:
(a) Convicted of a felony....
....
(3) Any person who violates this section commits a felony of the second degree....
(emphasis added.) Appellant bases his argument principally upon State v. Watts, 462 So.2d 813 (Fla.1985), which he contends controls the outcome here.
In Watts, the defendant had been convicted of two counts of possession of contraband in a correctional facility in violation of section 944.47, Florida Statutes (1981), based upon his possession of two prison-made knives. Relying upon the analysis in its earlier decision of Grappin v. State, 450 So.2d 480 (Fla. 1984), the court concluded that, given the language of section 944.47, only one conviction was permissible:
In Grappin, we held that the unlawful taking of two or more firearms during the same criminal episode is subject to separate prosecution and punishment under the theft statute as to each firearm taken. Grappin was prosecuted under section 812.014(2)(b)(3) [sic], Florida Statutes (1981), which reads as follows:
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in §§ 775.082, 775.083 and 775.084, if the property stolen is:
3. A firearm.
(Emphasis supplied.) We reasoned that Grappin may be charged in a five-count information with five thefts because the article "a" prefaced firearm. We noted that the use of the article "a" in reference to "firearm" in section 812.014(2)(b)3 clearly shows that the legislature intended to make each firearm a separate unit of prosecution. Id. at 482. We specifically contrasted the article "a" with the article "any" by pointing out that federal courts have held that the term "any firearm" is ambiguous with respect to the unit of prosecution and must be treated as a single offense with multiple convictions and punishments being precluded. 450 So.2d at 482 citing United States v. Rosenbarger, 536 F.2d 715 (6th Cir.1976), cert. denied, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977); United States v. Kinsley, 518 F.2d 665 (8th Cir.1975).
*1223 Applying the rationale of Grappin to the instant case, it is apparent that Watt [sic] can only be charged with one count of possession of contraband. Watt [sic][w]as prosecuted under section 944.47, Florida Statutes (1981), which provides in relevant part:
(1)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to wit:
. . . . .
5. Any firearm or weapon of any kind or any explosive substance.
. . . . .
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
(2) Whoever violates any provision of this section is guilty of a felony of the third degree....
(Emphasis supplied.) Thus applying the a/any test of Grappin, we conclude that Watt [sic] may not be charged with multiple offenses for the possession of two prison-made knives.
Id. at 813-14.
Appellant argues that, applying the Grappin/Watts "a/any test" to the language of section 790.23 which prohibits possession of "any firearm" (emphasis added), it is clear that his possession of two firearms at the same time may only be prosecuted as a single violation. It would appear that the only other district to have addressed this precise issue agrees with appellant. Plowman v. State, 622 So.2d 91 (Fla. 2d DCA 1993) (convictions on three counts of possession of a firearm by a convicted felon based upon three firearms discovered in defendant's home during a single search violate the prohibition against double jeopardy); Owens v. State, 681 So.2d 1194 (Fla. 2d DCA 1996) (convictions on 15 counts of possession of a firearm by a convicted felon based upon 15 firearms discovered in defendant's home during a single search violate the prohibition against double jeopardy). It is also noteworthy that United States v. Rosenbarger, 536 F.2d 715 (6th Cir.1976), cert. denied, 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977), and United States v. Kinsley, 518 F.2d 665 (8th Cir.1975), the two federal cases cited by the court in Watts (462 So.2d at 814), both held that, pursuant to 18 U.S.C. app. § 1202(a) which prohibits any person who has been convicted of a felony from "receiv[ing], possess[ing], or transport[ing] in commerce ... any firearm," only one conviction is permitted for possession of multiple firearms. We agree that application of the Grappin/Watts "a/any test" would appear to preclude more than one conviction for possession of a firearm by a convicted felon when multiple firearms are possessed at the same time. We are unable to distinguish the language prohibiting possession of "any firearm or weapon" in a correctional facility found in section 944.47, Florida Statutes, which the court in Watts held precluded multiple prosecutions and convictions, from that found in section 790.23 prohibiting possession of "any firearm" by a convicted felon. In both instances, the language appears to us intended to refer to a unit of prosecution. However, relying on dicta found in Wallace v. State, 689 So.2d 1159 (Fla. 4th DCA), review granted, 699 So.2d 1377 (Fla.1997), the state argues that the Grappin/Watts "a/any test" has since been legislatively overruled by the adoption in 1988 of section 775.021(4)(b), Florida Statutes.
In Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996), this court held that multiple convictions for resisting an officer with violence in violation of section 843.01, Florida Statutes, which all arose during a single incident were precluded by the double jeopardy clause because that statute prohibits resisting, obstructing or opposing "any officer." We reached that conclusion by applying the *1224 Grappin/Watts "a/any test." In Wallace, the Fourth District affirmed convictions for two counts of resisting an officer with violence, notwithstanding the fact that both charges arose out of a single incident during which two different officers were involved. In a lengthy opinion, the Wallace court noted its disagreement with Pierce, apparently because it believed that, as used in section 843.01, "any does not define the `allowable unit of prosecution'merely the class of officers to whom the statute's protection is intended." 689 So.2d at 1163. Apparently for the same reason, the court was able to distinguish and, thereby, to avoid what would have otherwise been its obligation to follow Grappin and Watts. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973) (district courts of appeal may state their reasons for advocating that the supreme court recede from established precedent, but are bound to follow such precedent until overruled). In dicta, the Wallace court suggests that the legislature's adoption in 1988 of section 775.021(4)(b), Florida Statutes, had effectively overruled the holdings in Grappin and Watts. 689 So.2d at 1162-63. The state here relies on that dicta to support its argument that the Grappin/Watts "a/any test" is no longer good law.
Section 775.021(4)(b) has remained unchanged since its enactment in 1988. See ch. 88-131, § 7, at 709-10, Laws of Fla. It reads:
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
As the court pointed out in State v. Smith, 547 So.2d 613 (Fla.1989), the intent behind the legislature's adoption of section 775.021(4)(b) was to overrule the court's earlier holding in Carawan v. State, 515 So.2d 161 (Fla.1987), that multiple punishments were not permissible for two or more offenses arising out of a single act. According to the court, section 775.021(4)(b) removed the previous ambiguity in the statute regarding legislative intent. As a result of that addition, it was clear that the legislature intended that "all criminal offenses containing unique statutory elements shall be separately punished," regardless of whether all of the offenses arose out of a single act. 547 So.2d at 616. The test set out in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), was to be used to determine whether offenses are separate. However, as the court noted, the addition of paragraph (4)(b) also made it clear that the legislature "d[id] not intend multiple punishment for the same offense." 547 So.2d at 616.
It seems to us that section 775.021(4)(b) was intended merely to make clear that multiple punishments are to be imposed for separate offenses regardless of whether they all arose out of a single act. We fail to see how that amendment has any bearing on questions such as that posed by this appealwhat the legislature intends the proper unit of prosecution to be when it uses ambiguous language, i.e., whether the language used is intended to make multiple acts occurring at the same time one offense or separate offenses. Accordingly, we do not agree that the adoption of section 775.021(4)(b) has any bearing on the continued vitality of the Grappin/Watts "a/any test" as a means by which to arrive at an answer to such questions.
In the absence of clear constitutional or statutory authority reflecting a change in established law, we do not possess the authority to disregard controlling precedent of the supreme court. Hoffman v. Jones, 280 So.2d 431 (Fla.1973); Shands Teaching Hospital & Clinics, Inc. v. Smith, 480 So.2d 1366 (Fla. 1st DCA 1985), approved, 497 So.2d 644 (Fla.1986). We find no such authority in section 775.021(4)(b). Because we are unable to distinguish the relevant language of section 790.23 from that of section 944.47 addressed in Watts, we hold that the prohibition against double jeopardy precludes more than one conviction for the possession at the *1225 same time of multiple firearms by a convicted felon. Accordingly, we reverse one of appellant's convictions for possession of a firearm by a convicted felon, and remand with directions that the trial court vacate that conviction and the corresponding sentence.
REVERSED and REMANDED, with directions.
MINER and KAHN, JJ., concur.