EVANDER, J.
 

 After a traffic stop, Dennis Junior Francis, a convicted felon, was found in possession of a loaded 9mm. handgun. He was convicted of two counts of violating section 790.23, Florida Statutes (2008) — one for possession of a firearm and the other for possession of the ammunition located therein. Francis contends that the dual convictions violate double jeopardy. We agree.
 

 On May 28, 2008, a deputy stopped Francis’ vehicle for a purported traffic violation. Francis attempted to flee on foot and, during the pursuit, tossed aside a 9mm. handgun loaded with one bullet in the chamber and seven rounds of ammunition in the magazine. The State charged Francis with one count of possession of a firearm and one count of possession of ammunition by a convicted felon. A jury found Francis guilty on both counts and he was subsequently sentenced to two concurrent sentences of three years imprisonment followed by three years’ probation.
 

 A conviction that violates the prohibition against double jeopardy constitutes fundamental error and may be raised for the first time on appeal.
 
 Dyson v. State,
 
 10 So.3d 650, 651 n. 1 (Fla. 5th DCA 2009). Our decision is controlled by the “a/any” test articulated by the supreme
 
 *976
 
 court in
 
 Grappin v. State,
 
 450 So.2d 480 (Fla.1984);
 
 State v. Watts,
 
 462 So.2d 813 (Fla.1985). In
 
 Grappin,
 
 the court held that the taking of two or more firearms during the same criminal episode was subject to separate prosecution and punishment pursuant to a statute that made it a second-degree felony if the property stolen was
 
 “a
 
 firearm.” The court reasoned that the use of the term “a” in reference to “firearm” showed a legislative intent to make each firearm a separate unit of prosecution.
 
 Grappin,
 
 450 So.2d at 482.
 

 In Waiis, the defendant was convicted of two counts of possession of prison-made knives. The applicable statute provided that it was unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of
 
 any
 
 article or thing declared by the statute to be contraband. Included within the statute’s definition of contraband was: “Any firearm or weapon or any kind of any explosive substance.” § 944.47, Fla. Stat. (1981). The supreme court found that the use of the term “any” before the defined contraband was ambiguous with regard to the unit of prosecution and, therefore, required the rule of lenity to be applied. The supreme court then concluded that Watts’ dual convictions violated double jeopardy.
 

 The supreme court later qualified that the
 
 Grappin/Watts
 
 “a/any” test was only to be applied if the legislative intent was not otherwise clear.
 
 Bautista v. State,
 
 863 So.2d 1180 (Fla.2003). In
 
 Bautista,
 
 the court stated:
 

 [Ajbsent clear legislative intent to the contrary, the a/any test serves as a valuable but nonexclusive means to assist courts in determining the intended unit of prosecution.
 

 Id.
 
 at 1188.
 

 Section 790.23 provides in relevant part:
 

 (1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control
 
 any
 
 firearm, ammunition, or electric weapon or device, ... if that person has been:
 

 (a) Convicted of a felony ...
 

 (Emphasis added). After applying the “a/ any” test, the First and Second District Courts of Appeal have found that the use of the term “any” in section 790.23 precludes multiple convictions where, during a single episode, the defendant was found to be in possession of more than one firearm.
 
 See, e.g., Hill v. State,
 
 711 So.2d 1221 (Fla. 1st DCA 1998);
 
 Owens v. State,
 
 681 So.2d 1194 (Fla. 2d DCA 1996);
 
 Plowman v. State,
 
 622 So.2d 91 (Fla. 2d DCA 1993).
 

 The State contends that the instant case is distinguishable because Francis was in possession of a firearm and ammunition rather than two or more firearms. It is the State’s contention that the term “any” in section 790.23 should be interpreted to apply separately to “firearm” and “ammunition” thereby permitting two units of prosecution. This argument was recently considered and rejected by the Fourth District in
 
 Boyd v. State,
 
 17 So.3d 812, 818 (Fla. 4th DCA 2009):
 

 Although the present case may be distinguished from
 
 Hill
 
 because Boyd possessed a firearm and ammunition, such a factual distinction is immaterial because, under the court’s reasoning in
 
 Hill,
 
 ammunition is also listed following the word “any.”
 

 The application of the
 
 Grappin/Watts
 
 “a/ any” test supports the conclusion reached in
 
 Boyd.
 
 Furthermore, we cannot glean any clear intent from the Legislature to authorize separate units of prosecution for possession of a firearm and possession of ammunition by a convicted felon, particularly where, as in the instant case, the ammunition was fully encased within the
 
 *977
 
 firearm. On remand, the trial court shall set aside one of Francis’ two convictions.
 

 REVERSED and REMANDED for re-sentencing.
 

 GRIFFIN and SAWAYA, JJ., concur.