PER CURIAM.
 

 The State argues on appeal that the trial court erred in dismissing the Information,
 
 *655
 
 which charged Appellee/Cross-Appellant, Walker Lanier Whaley, with four counts of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon. We reject the State’s argument. Section 790.23(l)(a), Florida Statutes, the statute alleged to have been violated, provides in part that it is unlawful for a convicted felon to possess “any firearm or ammunition.” Moreover, Appellee/Cross-Appel-lant was allegedly in possession of each of the firearms and the ammunition at the same time.
 
 See State v. Watts,
 
 462 So.2d 813, 814 (Fla.1985) (holding that the defendant could not be charged with multiple offenses for the possession of two prison-made knives because the statute at issue addressed “any firearm or weapon” as opposed to “a firearm or weapon”);
 
 State v. Mitchell,
 
 719 So.2d 1245, 1247 (Fla. 1st DCA 1998) (noting that the answer to what the Legislature intends the unit of prosecution to be for an offense is found by the application of the “a/any” test);
 
 see also Hill v. State,
 
 711 So.2d 1221, 1223-25 (Fla. 1st DCA 1998) (holding that the application of the “a/any” test precludes more than one conviction for possession of a firearm by a convicted felon when multiple firearms are possessed at the same time).
 

 We do find merit, however, in Appel-lee/Cross-Appellant’s argument that the trial court erred in ruling that the State could file an amended information charging one count of possession of a firearm by a convicted felon and one count of possession of ammunition by a convicted felon.
 
 See Boyd v. State,
 
 17 So.3d 812, 814-18 (Fla. 4th DCA 2009) (noting that “ammunition” is listed in section 790.23(l)(a) after the word “any” and reversing and remanding for the trial court to vacate either the conviction for possession of a firearm by a convicted felon or the conviction for possession of ammunition by a convicted felon);
 
 see also Francis v. State,
 
 41 So.3d 975, 976 (Fla. 5th DCA 2010) (same).
 

 Accordingly, we affirm in part, reverse in part, and remand with instructions that the trial court permit the State to file an amended information charging either one count of possession of a firearm by a convicted felon or one count of possession of ammunition by a convicted felon.
 

 REVERSED and REMANDED with instructions.
 

 DAVIS, ROBERTS, and ROWE, JJ., concur.