PER CURIAM.
Appellant, Antonio Lamar Griffin, appeals his judgment and sentence for possession of a firearm by a convicted felon entered after he pled nolo contendere to that charge. We reverse.
After a search of his residence, appellant was charged with a trafficking offense and two counts of possession of a firearm by a convicted felon. The jury convicted him of the lesser included offense of possession, acquitted him of one of the firearms offenses and failed to reach a decision on the other. With respect to the latter, he subsequently pled nolo contendere and was given a concurrent sentence. The State concedes that it erred in charging appellant with two counts of possession of a firearm by a convicted felon. Hill v. State, 711 So.2d 1221, 1224-25 (Fla. 1st DCA 1998) (finding that double jeopardy precludes “more than one conviction for the possession at the same time of multiple firearms by a convicted felon.”). Although not raised below, appellant’s double jeopardy claim may be raised for the first time on appeal even though the conviction is the result of a plea. State v. Johnson, 483 So.2d 420, 422 (Fla.1986). Because only one conviction was permitted, and only one acquittal required, the acceptance of the plea to the second charge of possession of a firearm by a convicted felon violated double jeopardy.
REVERSED and REMANDED for further proceedings consistent with this opinion.
VAN NORTWTCK, WETHERELL, and ROWE, JJ., concur.