GERBER, J.
The defendant argues that the trial court erred in convicting him for both possession of a firearm by a convicted felon and possession of ammunition by a convicted felon. He relies on our opinion in Boyd v. State, 17 So.3d 812 (Fla. 4th DCA 2009). In Boyd, we held that the double jeopardy clause precludes convicting a felon for both possession of a firearm and possession of ammunition when the possessions occur at the same time. Id. at 818 (interpreting section 790.23, Florida Statutes (2005)). The state, on the other hand, relying on Nicholson v. State, 757 So.2d 1227 (Fla. 4th DCA 2000), argues that the defendant’s possession of the firearm and possession of the ammunition “were clearly separate in both time and space such as to be properly considered as two separate offenses.” Id. at 1228.
We agree with the defendant’s argument. Although the firearm and the ammunition were found at two separate times, the defendant’s possession of the firearm and the ammunition were not “clearly separate in both time and space.” Id. Rather, the defendant’s possession of the firearm and the ammunition consisted of “a single possession of more than one article.” Id. Therefore, the trial court erred in convicting the defendant for both possession of a firearm by a convicted felon and possession of ammunition by a convicted felon.
Because the defendant’s conviction for possession of a firearm by a convicted felon carries a three-year minimum mandatory sentence, see § 775.087(2)(a)l.r., Fla. Stat. (2009), we remand for the trial court to vacate the defendant’s conviction and sentence for possession of ammunition by a convicted felon and to correct the defendant’s scoresheet and judgment accordingly. See Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002) (“When dual convictions violate double jeopardy, the proper remedy is to vacate the conviction for the lesser offense while affirming the conviction for the greater one.”) (internal quotations and brackets omitted).
On the other two arguments which the defendant raises in this appeal, including his challenge to his conviction for tampering with a witness, we affirm without further discussion. However, we remand for the trial court to amend the defendant’s sentence for tampering with a witness to show that the sentence, which was to run consecutively to the sentence for possession of ammunition by a convicted felon, now shall run consecutively to the sentence for possession of a firearm by a convicted felon.

Affirmed in part, reversed in part, and remanded.

TAYLOR and DAMOORGIAN, JJ., concur.