VILLANTI, Judge.
David Gregory Raynard Bell seeks review of his convictions and sentences for one count of felon in possession of a firearm and one count of felon in possession of ammunition, contending that the dual convictions violate double jeopardy. Applying the “a/any test” for statutory construction set forth in Grappin v. State, 450 So.2d 480 (Fla.1984), and State v. Watts, 462 So.2d 818 (Fla.1985), to the statutory language at issue, we agree that both convictions cannot stand.
Bell was stopped for a traffic violation, and during that stop an officer determined that Bell was driving in violation of certain restrictions on his driver’s license. Pursuant to Bell’s arrest for this violation, the officer searched him and found a speed loader containing six rounds of live ammunition in Bell’s pocket. A subsequent search of the vehicle Bell was driving revealed a loaded handgun in the glove compartment.
The State charged Bell with one count of felon in possession of a firearm based on Bell’s possession of the handgun and one count of felon in possession of ammunition based on Bell’s possession of the ammunition in the speed loader. Bell subsequently pleaded no contest to both charges, and the trial court sentenced him to concurrent terms of twenty-four months in prison. Bell now contends, his pleas notwithstanding, that the dual convictions violate double jeopardy.[1]
Both of Bell’s convictions are for violations of section 790.23(1), Florida Statutes (2011), which provides, in pertinent part:
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony in the courts of this state[.]
(Emphasis added.) The question here is whether the use of the term “any” before the list of prohibited items precludes separate convictions for the simultaneous possession of two separate items.
In Grappin, the defendant was charged with five counts of grand larceny after he stole five separate firearms during a single burglary. 450 So.2d at 481. The applicable statute read:
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
[[Image here]]
3. A firearm.
Id. (quoting § 812.014(2)(b)(3), Fla. Stat. (1981)). Grappin argued that the multiple charges violated double jeopardy, but the supreme court disagreed, reasoning that “the use of the article ‘a’ in reference to ‘a firearm’ in section 812.014(2)(b)3 clearly shows that the legislature intended to *960 make each firearm a separate unit of prosecution.” Id. at 482. The supreme court contrasted the use of the article “a” with the use of the article “any” and pointed out that federal courts had held that the use of “the term ‘any firearm’ is ambiguous with respect to the unit of prosecution.” Id. (citing United States v. Rosenbarger, 536 F.2d 715 (6th Cir.1976); United States v. Kinsley, 518 F.2d 665 (8th Cir.1975)). Referring to the rule of lenity, the court noted that if the legislature does not describe the prohibited conduct without ambiguity, “the ambiguity is to be resolved against turning a single transaction into multiple offenses.” Id. However, when “legislative intent as to punishment is clear, ... the rule of lenity does not apply.” Id. Thus, because the statute under which Grappin was charged clearly referred to “a firearm” as the unit of prosecution, the supreme court reversed the order dismissing the original multi-count complaint and remanded to allow the State to prosecute Grappin on five separate charges.
While the Grappin decision was pending, the defendant in Watts challenged his convictions for two counts of possession of prison-made knives that arose out of a single criminal episode, arguing that the dual convictions were improper. 462 So.2d at 813. However, unlike the statute at issue in Grappin, the statute under which Watts was charged provided in relevant part:
(l)(a) Except through regular channels as authorized by the officer in charge of the correctional institution, it is unlawful to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send therefrom, any of the following articles which are hereby declared to be contraband for the purposes of this section, to wit:
[[Image here]]
5. Any firearm or weapon of any kind or any explosive substance.
[[Image here]]
(c) It is unlawful for any inmate of any state correctional institution or any person while upon the grounds of any state correctional institution to be in actual or constructive possession of any article or thing declared by this section to be contraband, except as authorized by the officer in charge of such correctional institution.
Id. at 814 (quoting § 944.47, Fla. Stat. (1981)). The First District held that Watts could be convicted of only one charge, see Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983), and the State appealed. Applying the “a/any test” from Grap-pin, the supreme court looked at the applicable statutory language and concluded that the use of the term “any” in section 944.47 rendered the unit of prosecution ambiguous. 462 So.2d at 814. Thus the court held that the State was precluded from convicting Watts of separate offenses for possession of two knives at the same time, and it reversed and remanded for the trial court to vacate one of Watts’ convictions. Id.
Recently, in Boyd v. State, 17 So.3d 812 (Fla. 4th DCA 2009), the Fourth District applied the “a/any test” in the context of a case that is quite similar to Bell’s. There, officers obtained a search warrant for Boyd’s home. Id. at 814. Inside, they found a loaded .357 firearm next to the bed. Id. They also found ammunition for a 9mm firearm on a shelf in a closet. Id. The State charged Boyd with one count of felon in possession of a firearm and a separate count of felon in possession of ammunition under section 790.23(1), Florida Statutes (2005). Id. at 813. Boyd was subsequently convicted of both charges, and on appeal he argued that the dual *961 convictions violated double jeopardy. Id. at 815. In reversing and remanding for the trial court to vacate one of the convictions, the Fourth District “determined that because the word ‘any” precedes the list of items a felon is prohibited from possessing, ‘the prohibition against double jeopardy precludes more than one conviction for the possession at the same time of multiple firearms by a convicted felon.’ ” Id. at 818 (quoting Hill v. State, 711 So.2d 1221, 1224-25 (Fla. 1st DCA 1998)). And while the court recognized that Boyd had not possessed multiple firearms, it noted that because ammunition was also listed after the word “any” in the statute, the simultaneous possession of both a firearm and ammunition could not support separate convictions. Id. See also Strain v. State, 77 So.3d 796, 797 (Fla. 4th DCA 2011) (following Boyd on similar facts relating to convictions for possession of a firearm and separate ammunition).
In this case, as in Boyd and Strain, the applicable statute prohibits Bell’s possession of “any firearm, ammunition, or electric weapon or device.” § 790.23(1). The statute does not define “any”; however, the word “any” is generally defined as “one, some, every, or all without specification.” American Heritage Dictionary of the English Language 81 (4th ed. 2000). Thus, by definition the word “any” is linguistically ambiguous. In the face of this ambiguity, we are required to construe the statute in the manner most favorable to Bell, see § 775.021(1), Fla. Stat. (2011), and doing so prohibits Bell’s dual convictions. While we do not believe that the legislature necessarily intended this result in this type of situation, we note that the legislature has not changed the statutory language in the almost thirty years since Grappin and Watts were decided, and we are powerless to rewrite it ourselves. Therefore, as our sister districts did in Boyd and Strain, we reverse Bell’s dual convictions and remand to the trial court for it to vacate one of the convictions and resentence Bell accordingly.
Reversed and remanded for further proceedings.
NORTHCUTT and SLEET, JJ., Concur.

. Because a double jeopardy violation constitutes fundamental error, Bell may raise this argument for the first time on appeal. Gisi v. State, 848 So.2d 1278, 1281 (Fla. 2d DCA 2003); Johnson v. State, 747 So.2d 1027, 1028 (Fla. 2d DCA 1999).