NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SEAN PERRI,                                    )
                                               )
            Petitioner,                        )
                                               )
v.                                             )          Case No. 2D14-42
                                               )
STATE OF FLORIDA,                              )
                                               )
            Respondent.                        )
_____)

Opinion filed January 14, 2015.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Highlands County;
J. David Langford, Judge.

Sean Perri, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


NORTHCUTT, Judge.


            Sean Perri has filed a petition alleging ineffective assistance of appellate

counsel under Florida Rule of Appellate Procedure 9.141(d) raising four grounds.  The

State concedes the validity of ground three, and we grant the petition with regard to that

ground; we deny the remaining grounds without further comment.

Mr. Perri was charged with numerous offenses after he fled from law enforcement officers who tried to stop his vehicle based on a tip that he was in possession of drugs and a firearm. Two of the offenses—possession of ammunition by a convicted felon and possession of a firearm by a convicted felon[1]—were severed from the others. After a jury found Mr. Perri guilty of the other offenses, he entered an open plea to the possession charges, and the trial court sentenced him as a habitual felony offender to concurrent terms of thirty years' imprisonment with a three-year mandatory minimum for the possession of a firearm. Appellate counsel raised one issue on appeal concerning the trial court's failure to dismiss three of the other counts with which Mr. Perri was charged.

In ground three of his petition, Mr. Perri argues that appellate counsel was ineffective for failing to argue on appeal that his convictions of possession of a firearm by a convicted felon and possession of the ammunition in the firearm by a convicted felon violated his double jeopardy rights. See Boyd v. State, 17 So. 3d 812, 818 (Fla. 4th DCA 2009) (holding that because "any" precedes the list of items a felon is prohibited from possessing, double jeopardy precludes more than one conviction for possession of any of the items listed) (citing Hill v. State, 711 So. 2d 1221, 1224-25 (Fla. 1st DCA 1998)); accord Bell v. State, 122 So. 3d 958, 960-61 (Fla. 2d DCA 2013) (citing Boyd and holding that separate convictions for a felon's possession of ammunition found in his pocket and a firearm found in his car's glove compartment after he was arrested for a traffic violation violated double jeopardy); Strain v. State, 77 So. 3d 796, 797 (Fla. 4th DCA 2011) (holding that dual convictions of possession of a

_____

[1]Both offenses violate section 790.23(1), Florida Statutes (2009).

- 2 -

firearm by a convicted felon and possession of ammunition by a convicted felon violated double jeopardy). The State concedes that appellate counsel was ineffective in this regard, correctly noting that although this issue was not preserved for appeal, it is one of fundamental error that is not waived by the entry of an open plea. See Novaton v. State, 634 So. 2d 607, 609 (Fla. 1994) (noting that a plea does not preclude a later double jeopardy claim when it was not the result of a plea bargain, the double jeopardy violation is apparent from the record, and the record contains no indication that the defendant waived the violation); Hunt v. State, 769 So. 2d 1109, 1110 (Fla. 2d DCA 2000) (relying on Novaton).

Had appellate counsel raised this issue in Mr. Perri's direct appeal, we would have been constrained to reverse his conviction and sentence for possession of ammunition by a convicted felon. See Olivard v. State, 831 So. 2d 823, 824 (Fla. 4th DCA 2002) (noting that the proper remedy for a double jeopardy violation through dual convictions is the vacation of the conviction for the lesser offense). Accordingly, we deny grounds one, two, and four of Mr. Perri's petition, but we grant the petition as it relates to ground three. Because a new appeal would be redundant, we remand with directions for the trial court to vacate Mr. Perri's conviction and sentence for possession of ammunition by a convicted felon.[2]

Petition granted in part and denied in part.


KHOUZAM and SLEET, JJ., Concur.

_____

[2]Mr. Perri asserts that he should be allowed to withdraw his plea to the possession of ammunition charge, but he must file a motion under Florida Rule of Criminal Procedure 3.850 to seek that relief. We note that the two-year time limit of rule 3.850 does not run for Mr. Perri until August 8, 2015.