BENTON, J.
Aaron Foley appeals the order denying his motions for postconviction relief filed pursuant to Florida Rule of Criminal Pro *1145 cedure 3.850. The trial court treated his two motions as a single (albeit redundant) motion. Among other things, appellant argues that the trial court, before summarily denying all but one of his claims of ineffective assistance of counsel, should have permitted him an opportunity to amend pursuant to Spera v. State, 971 So.2d 754 (Fla.2007). On this basis, we ordered the state to show cause why the denial of two claims — ground three in the October 16, 2013 motion,[1] and ground three in the January 21, 2014 motion — should not be reversed, with directions that appellant be allowed to amend them. See Toler v. State, 493 So.2d 489, 490 (Fla. 1st DCA 1986). The state did not respond to the order to show cause, and we now reverse the summary denial of those two claims, and remand so that appellant can correct pleading deficiencies in those claims. See Spera, 971 So.2d at 762. We affirm the denial of the remaining claims.
Appellant was convicted of armed burglary, petit theft,[2] grand theft of a firearm, possession of a firearm by a convicted felon, and possession of ammunition by a convicted felon, in connection with the burglary of a storage unit from which a rifle, ammunition, and other items were stolen. In ground three of his October 16, 2013 motion, appellant alleged that defense counsel was ineffective for advising him not to testify when the only evidence showing his lack of criminal intent would have been his testimony. Appellant alleged no supporting facts in his original motion.
In his initial brief on appeal, however, appellant asserts that his testimony at trial would have established that he did not take the rifle from the storage unit and that he believed the property he did take had been abandoned. But for defense counsel’s advising him not to testify, appellant argues, he would have had a defense to the armed burglary and firearm-related charges. See Visger v. State, 953 So.2d 741, 742 (Fla. 4th DCA 2007) (“Because appellant’s testimony was the only evidence supporting his defense to the burglary ... we conclude that counsel’s advice [not to testify] was deficient under the particular facts of this case.” (emphasis omitted)).
In ground three of his January 21, 2014 motion, appellant alleged that defense counsel was ineffective for failing to move for dismissal of the charges for felon in possession of a firearm and felon in possession of ammunition after his conviction for armed burglary, on double jeopardy grounds: He contended he could not be convicted of possessing the same firearm or ammunition that served as the basis for his armed burglary conviction. In his initial brief, however, appellant contends that his dual convictions for felon in possession of a firearm and felon in possession of ammunition violate double jeopardy proscriptions, and that one of these convictions should be vacated, without regard to the armed burglary conviction. See Bell v. State, 122 So.3d 958, 961 (Fla. 2d DCA 2013) (holding that double jeopardy precludes dual convictions for felon in possession of a firearm and felon in possession of [separate] ammunition because section 790.23(1), Florida Statutes prohibits possession of “ ‘any firearm, ammunition, or electric weapon or device’” (emphasis in original)); see also Strain v. State, 77 So.3d 796, 797 (Fla. 4th DCA 2011) (same and remanding for the trial court to vacate *1146 the conviction for felon in possession of ammunition because the conviction for felon in possession of a firearm carried a three-year minimum mandatory sentence).
Because these grounds were facially insufficient as pleaded in appellant’s original postconviction motions, but are not conclusively refuted by the portions of the record attached to the trial court’s order, we reverse and remand with directions for the trial court to grant appellant leave to amend ground three from the October 16, 2013 motion and ground three from the January 21, 2014 motion within 60 days of this opinion. See Spera, 971 So.2d at 762.
Affirmed in part, reversed in part, and remanded with directions.
WETHERELL and SWANSON, JJ., concur.

. We refer to the claims as numbered in the trial court’s order.

. In appellant's direct appeal, this court vacated one conviction for grand theft, and remanded for the trial court to enter judgment and sentence for petit theft in the second degree. See Foley v. State, 147 So.3d 16 (Fla. 1st DCA 2013).