DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NELSON BAPTISTE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D14-4100

[May 20, 2015]

Petition for ineffective assistance of counsel to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case Nos. 2009CF7177BXXXMB and 2010CF11771BXXXMB.

Kenneth N. Johnson of Klett, Mesches & Johnson, P.L., Palm Beach Gardens, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nicholas I. Igwe, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Nelson Baptiste petitions for a writ of habeas corpus alleging ineffective assistance of appellate counsel based on three grounds. We write to address the first and the third grounds, and deny the second ground without further comment.

Baptiste alleges in the first ground that his convictions for both home invasion robbery and burglary, which arose from a single criminal episode, violate double jeopardy. Failure to raise a valid double jeopardy claim on direct appeal can constitute ineffective assistance of appellate counsel. *Perri v. State*, 154 So. 3d 1204, 1205 (Fla. 2d DCA 2015). A double jeopardy violation is a fundamental error that can be raised for the first time on appeal despite the lack of preservation. *Latos v. State*, 39 So. 3d 511, 513 (Fla. 4th DCA 2010). An open plea does not waive the error where the double jeopardy violation is clear from the face of the record and where there is no express waiver. *See id.* at 514–15 (citing *Labovick v. State*, 958 So. 2d 1065, 1067 (Fla. 4th DCA 2007)).

It is well settled in caselaw that convictions for home invasion robbery and burglary violate double jeopardy. *See, e.g.*, *Perez v. State*, 951 So. 2d 859, 859 (Fla. 2d DCA 2006); *Black v. State*, 677 So. 2d 22, 22 (Fla. 4th DCA 1996). Because there is nothing in the record to show that Baptiste expressly waived a double jeopardy violation during the open pleas, appellate counsel was ineffective in failing to raise this issue. *See Perri*, 154 So. 3d at 1205. If the issue had been raised, it would have resulted in reversal.

Regarding the remedy, Baptiste argues that he should be allowed to withdraw his pleas. Because the double jeopardy issue was not raised in a motion to withdraw plea, this argument was not preserved for appeal, and plea withdrawal must be pursued through a rule 3.850 motion filed in the trial court. *See id.* at 1205 n.2. The proper remedy is to vacate the conviction for the lesser offense.[1] *Id.* at 1205.

As to ground three, Baptiste alleges and the State concedes that an error occurred in the citation to the subsection of the kidnapping statute in both the amended indictment and judgment. Baptiste's argument that appellate counsel should have argued that he was convicted of an uncharged crime based on this citation error is meritless. Because trial counsel did not file a motion to dismiss the charging document, the error was not preserved, and appellate counsel was not deficient. *See Jones v. State*, 415 So. 2d 852, 853 (Fla. 5th DCA 1982). Baptiste was aware of the offense to which he pled and was not prejudiced in any way by the error. *See* Fla. R. Crim. P. 3.140(d)(1), (o).

We grant the petition as to the double jeopardy violation only and remand for the trial court to vacate the conviction and sentence for the lesser offense. We also direct the trial court to correct the citation error in the judgment to refer to the proper subsection of the kidnapping statute, section 787.01(1)(a), Florida Statutes.

*Granted in part and remanded with directions.*

---

[1] Which offense constitutes the lesser, may not be entirely settled. The Florida Supreme Court has recently granted review of this issue. *See Tuttle v. State*, 137 So. 3d 393, 395 (Fla. 2d DCA 2014) (vacating conviction for armed burglary of a dwelling because it is subsumed within attempted armed home invasion robbery), *rev. granted*, 147 So. 3d 527 (Fla. 2014).

GROSS, MAY and LEVINE, JJ., concur.

*  *  *

***Not final until disposition of timely filed motion for rehearing.***