# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

RICHARD HATCHER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0467

_____

January 3, 2025

Appeal from the Circuit Court for Hillsborough County; Mark D. Kiser, Judge.

Blair Allen, Public Defender, and Jeri Delgado, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Krystle Celine Cacci, Assistant Attorney General, Tampa, for Appellee.


PER CURIAM.

Richard Hatcher appeals from his judgment and sentences rendered after a jury found him guilty of count I, traveling to meet a minor, under section 847.0135(4)(a), Florida Statutes (2020); count II, use of computer services or devices to solicit illegal acts, under section 847.0135(3)(a); and counts III and IV, unlawful use of a two-way

communications device, under section 934.215, Florida Statutes (2020). The charges arose from a sting operation in which a detective, posing as a fifteen-year-old girl, flirted with Hatcher via text messages in an online chat room. Hatcher was arrested when he traveled to meet the fictitious girl later that night. With one exception, Hatcher's arguments attacking his convictions are without merit.

We find merit in Hatcher's argument that all the offenses of which he was convicted are based on the same conduct and that the offenses of unlawful use of a two-way communications device and solicitation are subsumed in the offense of traveling to meet a minor, and therefore his convictions violate double jeopardy.[1] The State correctly acknowledges that this court has previously determined that these convictions cannot withstand scrutiny under a *Blockburger*[2] analysis, as codified in section 775.021(4), Florida Statutes (2020). *See Batchelor v. State*, 193 So. 3d 1054, 1057-58 (Fla. 2d DCA 2016) (recognizing that the offense of unlawful use of a two-way communications device is subsumed within the offense of traveling to meet a minor where the crimes were committed as part of the same criminal episode); *Mizner v. State*, 154 So. 3d 391, 399 (Fla. 2d DCA 2014) (recognizing that the offenses of solicitation and unlawful use of a two-way communications device are subsumed within the traveling offense when they are part of the same criminal episode). Accordingly, we vacate Hatcher's judgment and sentences imposed for count II, use of computer services or devices to solicit certain illegal acts,

---

[1] Hatcher did not raise his double jeopardy arguments in the trial court, but because a double jeopardy violation is fundamental error, he may raise them for the first time on appeal. *See Mizner v. State*, 154 So. 3d 391, 399 (Fla. 2d DCA 2014) (citing *Bell v. State*, 122 So. 3d 958, 959 n.1 (Fla. 2d DCA 2013)).

[2] *Blockburger v. United States*, 284 U.S. 299 (1932).

and for counts III and IV, unlawful use of a two-way communications device, and affirm the judgment for count I, traveling to meet a minor, and remand for resentencing on that count. *See State v. Shelley*, 176 So. 3d 914, 919-20 (Fla. 2015) (explaining that when an appellate court concludes that dual convictions are impermissible, the court should reverse the conviction for the lesser offense and affirm the greater).

Affirmed in part, reversed in part, and remanded.

KELLY, ROTHSTEIN-YOUAKIM, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.