# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2053
LT Case No. 2023-CF-012723-A

_____

DIMITRIC TYRESE ELLIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, and Virginia Chester Harris,
Senior Assistant Attorney General, Tallahassee, for Appellee.

July 3, 2025

KILBANE, J.

    Dimitric Ellis ("Ellis") appeals his convictions for possession
of a firearm by a convicted felon (Count 1) and possession of
ammunition by a convicted felon (Count 2)—both under section
790.23(1), Florida Statutes (2023).  On appeal, Ellis asserts the

trial court erred in denying his motions for judgment of acquittal[1] and that his convictions violated double jeopardy because they emanated from virtually simultaneous possession under section 790.23(1). Because his convictions violate double jeopardy, we remand to the trial court to vacate the conviction on Count 2.

## Facts

In response to a suspicious persons' report, law enforcement attempted to apprehend Ellis and other individuals matching the report's description who were located outside a vacant residence. Ellis tried to evade and physically resist several officers before ultimately being detained, alone, in the backseat of a patrol vehicle. After escorting Ellis to the Jacksonville Sheriff's Office, an officer found a gun with a bullet in the chamber as well as a loaded magazine—all 9mm—in two locations in the backseat of the vehicle, in which Ellis had been detained. Officers also recovered 9mm ammunition among Ellis's personal items in the vacant residence.

After a jury found Ellis guilty and the trial court entered convictions on both counts, Ellis moved to vacate Count 2 as violative of double jeopardy. Sharing Ellis's concern, the trial court only sentenced Ellis as to Count 1, yet the court declined to vacate the conviction for Count 2. Ellis timely appealed.

## Analysis

"It is unlawful for any person to own or to have in his or her care, custody, possession, or control *any* firearm, ammunition, *or* electric weapon or device, . . . if that person has" a felony conviction. § 790.23(1), (1)(a), (e), Fla. Stat. (2023) (emphasis added). As the statute uses the word "any" before a disjunctive list of items a felon may not possess, more than one conviction for possession under section 790.23(1) would violate double jeopardy principles. *See Perri v. State*, 154 So. 3d 1204, 1205 (Fla. 2d DCA 2015) ("[B]ecause 'any' precedes the list of items a felon is

---

[1] We affirm the trial court's denial of Ellis's motions for judgment of acquittal without further comment.

prohibited from possessing, double jeopardy precludes more than one conviction for possession of any of the items listed[.]" (citing *Boyd v. State*, 17 So. 3d 818 (Fla. 4th DCA 2009))); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 119 (2012) (noting disjunctive list of prohibitions, conveyed by use of *or* rather than *and*, is violated when any single prohibited act is performed).

This Court has held that dual convictions for possession of a firearm and ammunition under section 790.23(1) violate double jeopardy where a felon possessed a *loaded* firearm. *See Francis v. State*, 41 So. 3d 975, 975 (Fla. 5th DCA 2010); *Haskins v. State*, 43 So. 3d 876 (Fla. 5th DCA 2010). Simultaneous possession has also been applied to situations where the firearm and ammunition were somewhat separated. *See Bell v. State*, 122 So. 3d 958, 961 (Fla. 2d DCA 2013) (finding simultaneous possession during traffic stop where ammunition was found in defendant's pocket and a gun in his vehicle's glovebox); *Boyd*, 17 So. 3d at 818 (finding simultaneous possession where gun was near the bed and ammunition in the closet of the same room); *cf. Strain v. State*, 77 So. 3d 796, 797 (Fla. 4th DCA 2011) ("Although the firearm and the ammunition were *found* at two separate times, the defendant's possession of the firearm and the ammunition were not 'clearly separate in both time and space.'" (quoting *Nicholson v. State,* 757 So. 2d 1227, 1228 (Fla. 4th DCA 2000))).

Likewise, here, Ellis simultaneously possessed the firearm and ammunition in the backseat of the patrol vehicle, implicating double jeopardy. *See Francis*, 41 So. 3d at 975. Where the gun and the magazine were found within the vehicle in which Ellis was detained, we cannot say that the items were "clearly separate in both time and space." *See Strain*, 77 So. 3d at 797; *Boyd*, 17 So. 3d at 818; *Bell*, 122 So. 3d at 961. The evidence also indicates Ellis possessed the gun and ammunition while in the vacant residence and that the ammunition found in the vehicle was from the supply of 9mm ammunition found in the vacant residence. Thus, the ammunition found in both locations indicate Ellis's possession of each was also not "*clearly separate* in time and space." *See Strain*, 77 So. 3d at 797.

Thus, we remand to the trial court solely to vacate Ellis's conviction on Count 2 for possession of ammunition by a convicted felon—the lesser offense.[2] *See Perri*, 154 So. 3d at 1205 ("[T]he proper remedy for a double jeopardy violation through dual convictions is the vacation of the conviction for the lesser offense." (citing *Olivard v. State*, 831 So. 2d 823, 824 (Fla. 4th DCA 2002))); *Hatcher v. State*, 401 So. 3d 571, 572 (Fla. 2d DCA 2025) ("[W]hen an appellate court concludes that dual convictions are impermissible, the court should reverse the conviction for the lesser offense and affirm the greater[.]" (quoting *State v. Shelley*, 176 So. 3d 914, 919–20 (Fla. 2015))).

AFFIRMED in part; VACATED in part.

HARRIS and SOUD, JJ., concur.

---

[2] Count 2 is the lesser offense because Count 1 carried a mandatory minimum under section 775.087(2)(a). *See Strain*, 77 So. 3d at 797 (Fla. 4th DCA 2011).

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————